269 So.2d 337 (1972)
GEORGE S. TAYLOR CONSTRUCTION CO. and Michigan Mutual Liability Co.
v.
John Ellis HARLOW.
No. 46805.
Supreme Court of Mississippi.
November 13, 1972.
Satterfield, Shell, Williams & Buford, K. Hayes Callicutt, Jackson, for appellant.
Dyer & Dyer, Greenville, for appellee.
SMITH, Justice:
This is a workmen's compensation case. George S. Taylor Construction Company, employer, and Michigan Mutual Liability Company, its workmen's compensation insurance carrier, have appealed from a judgment of the Circuit Court of Washington County, which affirmed an award of compensation made to John Ellis Harlow, an employee.
A number of grounds for reversal are assigned and argued and have been considered.
The extent of Harlow's injuries and his loss of wage earning capacity, under the facts in the record, were questions for the Compensation Commission as trier of facts. Its findings in this regard were supported by substantial evidence and will not be disturbed.
Nor do we think that it was an abuse of discretion to deny the motion of the employer-carrier, made before the close of the hearing, to require claimant to submit to an examination by another doctor. *338 The doctor to whom claimant had gone was selected by employer-carrier and his qualifications are unquestioned. The record does not show an unreasonable refusal, or any refusal, on the part of claimant to submit to any indicated medical or surgical treatment.
Claimant was injured on May 14, 1970 and did no work from that date until October, 1970. In October, 1970, he began trying to work at his job and in fact did work some 10 to 15 hours per week. In January, 1971, pain resulting from his efforts to work forced him to abandon them and he did no work thereafter. From the date of his injury on May 14, 1970 to February 12, 1971, claimant was paid his full salary of $110 per week, as well as $40 per week workmen's compensation payments.
It is the contention of the employer-carrier that it was error to refuse to allow credit for the $40 compensation payments made to claimant while he was drawing his regular salary. From the evidence in the record we are constrained to agree.
It is clear from the testimony of the employer's president, who dealt with the matter for the employer-corporation, as well as that of claimant, and is also a matter supported by the attendant circumstances, that claimant did not, in fact, earn his salary during the period in question. Obviously, if he had worked full time he would have been entitled to receive only his salary. We think it clear that the payment of claimant's full salary, under the facts here, must be considered as having been in lieu of and as having included the compensation payments and that credit should have been allowed for such payments. In other circumstances, of course, a different conclusion might be reached.
The rule is stated at 101 C.J.S. Workmen's Compensation § 831 (1958), that: "It is the duty of the board or commission to ascertain any payments made by the employer or insurer for the injury and to give credit on the award for such payments."
2 A. Larson, The Law of Workmen's Compensation, section 57.41 (1970) states the following applicable rule:
If the payment of wages was intended to be in lieu of compensation, credit for the wages is allowed. However, since there is seldom any direct evidence on whether such an intention lay behind the payment, it must be inferred from the circumstances surrounding the payment.
The applicable rule to determine whether an injured man really earned his wages is stated at 2 A. Larson, The Law of Workmen's Compensation, section 57.42 (1970):
The most important of these circumstances is the question whether the injured man really earned his wages. If he is paid his regular wage, although he does no work at all, it is a reasonable inference that the allowance is in lieu of compensation. An occasional court will say that such a payment is to be deemed a gratuity, but this, in the absence of special facts indicating a charitable motive, is unrealistic.
The judgment appealed from will be affirmed except as to the failure to allow credit for the $40 weekly payments made to claimant following his injury during the period in which he continued to draw his full salary of $110 per week. As to this the judgment appealed from is reversed and the case is remanded to the Workmen's Compensation Commission for further proceedings not inconsistent with this opinion.
Affirmed in part and reversed and remanded in part to Workmen's Compensation Commission.
GILLESPIE, C.J., and PATTERSON, SUGG and BROOM, JJ., concur.