299 So.2d 205 (1974)
KOESTLER's BAKERY, INC., and American Employers Insurance Company, Defendants-Appellants,
v.
Jesse C. BOLAND, Claimant-Appellee.
No. 47621.
Supreme Court of Mississippi.
August 26, 1974.
Watkins & Eager, Velia Ann Mayer, Jackson, for defendants-appellants.
Daniel, Coker, Horton, Bell & Dukes, Forrest W. Stringfellow, P.O. Gibson, Jr., Jackson, for claimant-appellee.
PATTERSON, Justice:
Koestler's Bakery and American Employers Insurance Company appeal from a *206 judgment of the Circuit Court of the First Judicial District of Hinds County. The judgment affirmed an order of the Mississippi Workmen's Compensation Commission which directed the appellants to pay the claimant certain benefits for temporary total disability and temporary partial disability. The assignments of error question the sufficiency of the evidence to support the finding of the commission.
We have reviewed the record in detail and conclude there was ample evidence to support the finding of the commission with the exception of the order requiring the appellants to pay the claimant temporary total benefits from November 29, 1969, through December 30, 1969.
The appellee received an injury to his back in August 1968. In November 1969, though treated by another doctor in the interim, the claimant went to Dr. Walter Neill who performed a myelogram and thereafter operated upon him early in December. He was hospitalized for eight days, and about three weeks subsequently returned to his employment on a limited basis.
The record reveals that the claimant suffered no loss in salary from November 29 through December 30, 1969, the interval of his hospitalization and recovery. This opinion is restricted to that time.
A claim for disability benefits under workmen's compensation statutes is not a suit to recover damages for an industrial injury, but rather is designed to afford compensation for loss of earnings resulting from such injury. By his testimony the claimant suffered no loss of earnings from November 29, 1969, through December 30, 1969. He was therefore not entitled to disability compensation for this interval. Thyer Mfg. Co. v. Mooney, 252 Miss. 629, 173 So.2d 652 (1965). See also Dunn, Mississippi Workmen's Compensation, § 73 (2d ed. 1967).
The only exception to the above rule with which we are aware is that compensation benefits may be allowed when it affirmatively appears that the payment by the employer was a donation. 2 Larson's Workmen's Compensation Law, § 57.41 (1974). We discern no indication from the record that the payments by Koestler to the claimant from the date of his injury through his post-operative recovery period were anything other than salary in lieu of workmen's compensation.
We conclude the circuit court erred in affirming that part of the finding of the Workmen's Compensation Commission which awarded disability payments during the period specified.
Affirmed in part and reversed in part.
RODGERS, P.J., and INZER, WALKER and BROOM, JJ., concur.