329 So.2d 516 (1976)
PET, INCORPORATED, DAIRY DIVISION, and Liberty Mutual Insurance Company
v.
Stanley E. ROBERSON.
No. 48610.
Supreme Court of Mississippi.
April 6, 1976.
*517 Daniel, Coker, Horton, Bell & Dukes, Donald V. Burch, Jackson, for appellant.
Jack A. Travis, Jackson, for appellee.
Before INZER, SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
The Workmen's Compensation Commission awarded Stanley E. Roberson, claimant, compensation benefits for temporary total and permanent partial disability as the result of a work-related low back injury claimant sustained while in the employment of Pet, Incorporated, Dairy Division. The Circuit Court of the First Judicial District of Hinds County revered in part the order of the Commission and awarded compensation for temporary total and permanent total disability. Pet and its insurance carrier appealed and contend that the finding of the Commission was supported by substantial evidence.
We have reviewed the record in detail and conclude that there was substantial evidence to support the order of the Commission with the exception of that portion of the order that full credit be given the employer and carrier for the period of disability after injury when the claimant was paid his full salary as "sick pay."
From January 1, 1973 until May 16, 1973, claimant was paid $3,285 as sick pay under an established company policy that guaranteed an employee his regular salary for ninety working days out of each year for any injury or sickness the employee suffered. A supervisor for Pet testified that the company paid an employee his regular salary as sick pay for ninety days but required the employee to remit to the company all compensation payments received for the period covered by sick pay. As part of his order the Attorney-Referee directed that:
Full credit shall be given the employer and carrier for the period of disability after injury, when the claimant was paid his salary as sick pay but shall not include credit for salary paid the claimant for his vacation period of approximately four weeks.
The circuit court allowed Pet credit "for the amounts paid as salary up to $56 per week from January 1, 1973, through July 16, 1973." Pet contends that it should receive full credit on all amounts paid in excess of what the claimant was entitled to receive under temporary total disability and permanent partial disability.
We cannot agree with either of these positions. Under the facts of this case the employee is entitled to receive compensation benefits for the period from January 1, 1973 to May 16, 1973 in addition to the sick pay payments he received during the same period. The sick pay that claimant received was not salary in lieu of compensation but was money that claimant was entitled to receive based upon his past service with the company rather than because of the injury he sustained. In this respect the sick pay was no different from the vacation pay claimant received: it was a benefit accumulated on the basis of past service and for which Pet was entitled to no credit.
Our holding is in accord with the principle laid down in 2 A. Larson, The Law of Workmen's Compensation § 57.46 at 10-102 (1976):
A second type of payment for which credit is usually disallowed is any kind of sick pay or vacation pay of which it can be said that the claimant's entitlement to the payment is based on past service rather than on the injury as such.
Accord Guerrera v. City of New Orleans, 212 So.2d 223, 226 (Ct.App.La. 1968); Southwestern Bell Telephone Company v. Siegler, 240 Ark. 132, 398 S.W.2d 531, 533-34 (Ark. 1966).
*518 Our holding does not conflict with Koestler's Bakery, Inc. v. Boland, 299 So.2d 205 (Miss. 1974) or George S. Taylor Construction Co. v. Harlow, 269 So.2d 337 (Miss. 1972). In each of those cases we held that a claimant was not entitled to draw disability compensation for the interval during which he was paid his regular salary because the payments he received were simply salary in lieu of compensation. Nor does our holding in any way conflict with Mississippi Code Annotated section 71-3-7(d) (1972) which reads in part as follows:
If maximum medical recovery has occurred before the hearing and order of the attorney-referee, credit for excess payments shall be allowed in future payments.
The credit for excess payment mentioned in the statute is for excess payment of workmen's compensation benefits or salary in lieu of compensation made after the date of maximum medical recovery and not for sick pay, vacation pay, donations or gratuities. Subsection (d) must be construed in light of the entire Act. Its purpose is to encourage employers and carriers to pay benefits to an injured worker promptly and allow the employer or carrier credit for any excess payment of workmen's compensation benefits if maximum medical recovery occurs before the order of the attorney-referee.
The order of the Workmen's Compensation Commission is reinstated as modified, employer and insurance carrier to bear all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART AND ORDER OF COMMISSION REINSTATED AS MODIFIED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.