379 So.2d 538 (1980)
BABCOCK & WILCOX COMPANY and The Travelers Insurance Company
v.
John R. SMITH.
No. 51637.
Supreme Court of Mississippi.
February 6, 1980.
Daniel, Coker, Horton, Bell & Dukes, Walter W. Dukes, Gulfport, for appellants.
Gholson, Hicks & Nichols, Dewitt T. Hicks, Jr., Lydia Quarles, Columbus, for appellee.
Before PATTERSON, C.J., and BROOM and COFER, JJ.
*539 PATTERSON, Chief Justice, for the Court:
This appeal by an employer, the Babcock & Wilcox Company and its workmen's compensation insurer, The Travelers Insurance Company, concerns the extent of John Smith's right to medical payments for practical nursing assistance rendered by his wife following a 1969 industrial accident. Having unsuccessfully opposed Smith's petition before the administrative law judge, the Workmen's Compensation Commission, and the Circuit Court of Clay County, the employer and its insurer appeal, contending (1) that our decision in Graham v. City of Kosciusko, 339 So.2d 60 (Miss. 1976), should be confined to its peculiar facts, and (2) that in any event a portion of Smith's claim fails because he did not request the employer to provide the medical services sought to be compensated. We affirm.
As the result of the 1969 accident, Smith suffered total paralysis from the waist down. Unable to maneuver inside and out of his house, he required assistance from his wife at least four hours each day in bathing, clothing and assisting with his exercise program. As early as mid-1971, Smith requested medical payments of the insurer to cover this required assistance "about the house." The insurer responded, "[t]his, unfortunately, is not provided for under the Workmen's Compensation Law and we must decline to pay for such service." To assuage the burdens upon his family, Smith filed a petition proposing structural modifications of his home in 1972. According to the administrative law judge who heard the petition, Smith at this time clearly reserved his right later to seek medical payments covering practical nursing assistance of the kind refused by the insurer in 1971.
The administrative law judge granted the petition, and contractors completed the modifications by April of 1973. By this time, Smith could bathe and dress himself, but substantial evidence shows he still required at least two hours assistance each day in his exercise program. To obtain payments covering this assistance, Smith on February 14, 1977, petitioned for payment of medical services, past, present and future. The administrative law judge granted the petition, the commission affirmed but expanded to allow four hours per day prior to the modifications of the home and two hours a day thereafter for life or until discontinuance of the exercise program; and the circuit court affirmed the commission.
As a paraplegic, Smith wears leg braces, exercises with weights, and walks laboriously each day. The record supports the findings that the combined activities of putting on and removing the leg braces, helping with his weight exercises, and steadying him while he walks, as well as being near in case of falls, demands at least two hours a day of his wife's time. She has performed these services for him while continuing to hold a fulltime job. At least one physician and one physical therapist, to an extent corroborated even by the physician called by the insurer, were of the opinion Smith's continued exercise program and braces were medically indicated. While one of Smith's physicians referred to the assistance as "nursing care," he acknowledged the services required little technical knowledge and that "a wife certainly could be taught to do these things."
A physical therapist testified that the exercise program might well be continued for the balance of Smith's life, and Smith indicated he did not intend to discontinue his exercise program.
Graham, supra, holds that practical nursing services over and above that called for by the ordinary duties of a wife in a normal home may be compensated as medical services under the Mississippi Workmen's Compensation Law. We follow this rule, because without it, we would frustrate the remedial purposes underlying the statute. The claimant could not otherwise be made whole because his injury would operate as an excessive, unrewarded burden upon his family. We reject the appellants' suggestion that a claimant's right to medical payments for assistance in the home turns upon whether his wife willingly exhibits the virtues of patience and long suffering. *540 We also think insignificant the fact that the assistance requested involves essentially non-technical tasks resembling those performed by orderlies or licensed practical nurses in hospitals.
As for the appellant's argument that the appellee failed to satisfy the request requirement of Mississippi Code Annotated section 71-3-15(1) (1972), we need only point to the insurer's 1971 letter responding negatively to the appellee's request, and to the administrative law judge's responses to interrogatories concerning the appellee's preservation of his rights at the time of the hearing on the petition requesting modification of the home. This evidence, we think, establishes beyond cavil the appellee's compliance with the request requirement.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.