419 So.2d 1005 (1982)
CITY OF KOSCIUSKO and United States Fidelity & Guaranty Company
v.
Ernest M. GRAHAM.
No. 53655.
Supreme Court of Mississippi.
September 8, 1982.
Rehearing Denied October 13, 1982.
*1006 Thornton, Guyton, Dorrill & Pettit, John D. Guyton, Kosciusko, for appellants.
Crawley & Ford, Michael H. Steele, Kosciusko, for appellee.
Before WALKER, HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Attala County which affirmed an order of the Workmen's Compensation Commission whereby the City of Kosciusko, Mississippi, and its carrier United States Fidelity & Guaranty Company, defendants/appellants, were ordered to pay unto Mrs. Mary F. Graham, wife of Ernest Graham, claimant/appellee, compensation for nursing services provided Ernest Graham for a period of eight hours per day, seven days a week, beginning July 8, 1964, and ending February 23, 1972. The hourly rate for such services was to be determined by the Federal Minimum Wage laws excluding any periods during which Ernest Graham was actually hospitalized. We affirm.
This is the second appearance of this case on appeal. In Graham v. City of Kosciusko, 339 So.2d 60 (Miss. 1976), this Court upheld an order of the Circuit Court of Attala County which provided that Mrs. Graham be paid $2.25 per hour for four hours nursing service a day from and after February 23, 1972, to March 26, 1975, excluding any time during such period in which claimant was actually hospitalized. However, the cause was reversed and remanded to the Workmen's Compensation Commission so that claimant could file an amended petition to put in issue payment for nursing services rendered by his wife to him in the home from July 8, 1964, to February 23, 1972, with the employer/carrier being allowed to file an amended answer thereto raising all defense they desired to make, which is the subject matter of the present appeal.
On July 8, 1964, claimant suffered an industrial accident while working as an electrical lineman for the City of Kosciusko. He was left a paraplegic, paralyzed from the waist down. As a result of his injuries, claimant was awarded $12,500 in workmen's compensation benefits which were paid at the rate of $35 per week for 357 weeks. In addition to his workmen's compensation benefits and medical expenses, claimant received his regular salary from the City of Kosciusko from July 8, 1964, until December 1967, which totaled $19,658.81.
Following his discharge from the hospital on October 3, 1964, claimant returned home where his wife, Mary Graham, attended to his needs. Due to his paralysis, claimant had no function in his urinary or intestinal tracts. Therefore, claimant had to be catheterized as well as given enemas to induce the natural bodily functions he had lost as a result of his accident. Claimant also had to be given his medication, propped up, bathed, and turned frequently to prevent skin irritations. Claimant also required frequent cleanings from bladder spills and enemas as did his clothing and bed linens. Claimant's wife performed all these functions in addition to her household activities. Both claimant and his wife asserted she spent between fourteen and fifteen hours each day rendering these services.
*1007 Dr. Charles Neill, the neurosurgeon who treated claimant, testified claimant required nursing services for a period of eight hours a day from July 8, 1964, through February 22, 1972. There was no medical testimony to the contrary.
The administrative judge found that claimant required nursing services eight hours each day from July 8, 1964, through February 23, 1972. The rate of payment for such services was to be determined by the prevailing Federal Minimum Wage for that period. The full commission and the Circuit Court of Attala County affirmed the decision of the administrative judge.

I. Did claimant make a request from appellants for nursing services within the meaning of Mississippi Code Annotated section 71-3-15(1) (1972)?
Section 71-3-15(1) provides:
(1) The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus for such period as the nature of the injury or the process of recovery may require. If the employer fails to provide the same after request by the injured employee, such injured employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such treatment or services, except in emergency cases, unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman, having knowledge of such injury, shall have neglected to provide the same. Nor shall any claim for medical or surgical treatment be valid and enforceable, as against such employer, unless within twenty (20) days following the first treatment the physician giving such treatment furnish to the employer and the commission a report of such injury and treatment, on a form prescribed by the commission. The commission may, however, excuse the failure to furnish such report within twenty (20) days when it finds it to be in the interest of justice to do so, and may, upon application by a party in interest, make an award for the reasonable value of such medical or surgical treatment so obtained by the employee. If at any time during such period the employee unreasonably refuses to submit to medical or surgical treatment, the commission shall, by order, suspend the payment of further compensation during such time as such refusal continues, and no compensation shall be paid at any time during the period of such suspension.
The undisputed testimony of claimant and his wife established that within a month following his discharge from the hospital (October 3, 1964), Jack Bailey, a representative of U.S.F. & G., visited in their home for the purpose of investigating claimant's accident. Claimant and his wife discussed with Bailey claimant's condition requiring the use of catheters and enemas. Claimant asked if his wife could be paid for the services she rendered him in connection with his accident. Bailey replied that U.S.F. & G. would not pay for a nurse except when claimant was hospitalized.
In Babcock & Wilcox Co. v. Smith, 379 So.2d 538 (Miss. 1980), the identical factual situation was before this Court. The Court stated:
As for the appellant's argument that the appellee failed to satisfy the request requirement of Mississippi Code Annotated section 71-3-15(1) (1972), we need only point to the insurer's 1971 letter responding negatively to the appellee's request, and to the administrative law judge's responses to interrogatories concerning the appellee's preservation of his rights at the time of the hearing on the petition requesting modification of the home. This evidence, we think, establishes beyond cavil the appellee's compliance with the request requirement. (379 So.2d at 540)
The evidence adduced by claimant and his wife was uncontradicted. Claimant's injuries and the services performed by his wife were described to Mr. Bailey. *1008 Claimant also requested payments for services his wife performed in connection with his accident. This evidence was sufficient to establish claimant's request to furnish the services rendered. Moreover, the carrier, through its agent, was amply aware of the nature of claimant's injury and that such required the kind of treatment and services rendered by the wife. There is no merit in this argument.

II. Was claimant's claim for medical services barred by laches or estoppel, the one and two-year statutes of limitations provided by the Mississippi Workmen's Compensation Act, or the three-year statute and six-year general statute of limitations?
The only two limitation periods provided for by the Workmen's Compensation Act are the two-year statute of limitations [§ 71-3-35(1) MCA (1972)] and the one-year statute of limitations [§ 71-3-53 MCA (1972)]. Section 71-3-35(1) provides:
(1) No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or designated representative of an employer. If no representative has been designated by posters placed in one or more conspicuous places, then notice received by any superior shall be sufficient. Absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice. Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.
This statute of limitations has no application to the case at bar because compensation benefits were paid unto claimant. See Yazoo Mfg. Co. v. Schaffer, 254 Miss. 35, 179 So.2d 784 (1965).
Section 71-3-53 provides:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury; and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation in such manner and by such method as may be determined by the commission.
The parties stipulated that appellant paid medical expenses up to and including the month when claimant petitioned to be furnished nursing services. The payment of these expenses constituted a payment of compensation for the purpose of tolling the one-year statute of limitations. See Graeber Bros., Inc. v. Taylor, 237 Miss. 691, 115 So.2d 735 (1959), sugg. of error overruled 237 Miss. 702, 117 So.2d 469 (1960); and Cox v. International Harvester Co., 221 So.2d 924 (Miss. 1969). Claimant's petition in the present case was not barred by any statute of limitations applicable to workmen's compensation claims.
The defenses of laches, the three-year statute of limitations and the six-year general statute of limitations have no application to the case at bar.

III. Was appellant entitled to credit for payment of claimant's salary made after claimant's injury?
In addition to the workmen's compensation benefits and medical benefits received by claimant, the City of Kosciusko continued *1009 paying claimant his salary following the accident through December of 1967. These payments totaled $19,658.81. Appellants now contend they are entitled to a credit for this amount. There was no evidence adduced as to why these payments were made.
Where the payment of wages is intended to be in lieu of compensation, credit for the wages is allowed. George S. Taylor Construction Co. v. Harlow, 269 So.2d 337 (Miss. 1972). One exception to this rule is where it affirmatively appears that the payment by the employer was a donation. Koestler's Bakery, Inc. v. Boland, 299 So.2d 205 (Miss. 1974). The second exception occurs where the salary paid was not in lieu of compensation but money the claimant was entitled to receive based on his past service. Staple Cotton Serv. Ass'n v. Russell, 399 So.2d 224 (Miss. 1981), and Pet, Inc., Dairy Division v. Roberson, 329 So.2d 516 (Miss. 1976).
A careful review of the record in the instant case leads us to the conclusion that the wages paid by appellant to claimant from July 8, 1964, to December of 1967 were not intended to be in lieu of compensation for which appellants were entitled to a credit. We reach this conclusion for several reasons. Appellant paid claimant his full salary with full knowledge that claimant had received workmen's compensation benefits for his injury. Appellant was fully aware of the extent of claimant's injury which prohibited him from any future employment to which he was suited. Finally, appellant made no claim for a credit for these wages until the present suit was brought. Based on these reasons, we believe the wages paid to claimant from July 8, 1964, until December of 1967 were benevolent in nature and not made in lieu of compensation.

IV. Was the award of the commission excessive?
In Graham v. City of Kosciusko, supra, we stated:
A full hearing should be afforded both sides. Required nursing services should be separated from general household duties and work that a wife ordinarily performs in and about the home in looking after and caring for her husband and children. There should be testimony from doctors as to how many hours per day would be required for special nursing services for the claimant from July 8, 1964, to February 23, 1972. (339 So.2d at 65)
The only medical evidence adduced came from Dr. Neill who opined that claimant required eight hours per day of nursing services during the period involved. Claimant and his wife asserted she spent fourteen to fifteen hours per day rendering nursing services to her husband. The fact that claimant's wife performed non-technical tasks is of no consequence as stated in Babcock & Wilcox Co. v. Smith, supra:
We also think insignificant the fact that the assistance requested involves essentially non-technical tasks resembling those performed by orderlies or licensed practical nurses in hospitals. (379 So.2d at 540)
The only evidence adduced as to the rate of pay received by a licensed practical nurse came from Victoria Lee Niles, Assistant Administrator of the Montfort Jones Hospital, and Louis B. McInnis, the manager of the local office of the Mississippi State Employment Service. Niles testified that nurses aides began receiving minimum wage in 1967 or 1968 while licensed practical nurses received the following hourly rates in the specified years: 1964  $1.03; 1965  $1.03; 1966  $1.13; 1967  $1.44; 1968  $1.73; 1969  $1.88; 1970  $2.03; 1971  $2.18; and 1972  $2.30. According to Mr. McInnis, licensed practical nurses were paid minimum wages in 1964. The commission ordered that appellant pay claimant the prevailing federal minimum wage for eight hours a day from July 8, 1964, through February 23, 1972, excluding any periods for which claimant was confined to a hospital. A review of the record clearly reveals there was substantial evidence to support the award made by the commission and affirmed by the circuit court.
*1010 Based on the foregoing reasons, this cause is affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, and PRATHER, JJ., concur.