MOORE, J.,
for the Court:
¶ 1. The Full Commission of the Mississippi Workers’ Compensation Commission found that Appellant Walter Cox was temporarily partially disabled and awarded benefits for such. The Commission further found that Cox’s employer, Appellee S.B. Thomas Trust, d/b/a/ Days Inn, was entitled to a credit for wages received during the period Cox was also receiving *54 benefits. From that order; Cox appealed to the circuit court, which affirmed the Full Commission’s order. Aggrieved, Cox appeals to this Court raising the following issues as error
I. WHETHER THE CIRCUIT COURT OF WASHINGTON COUNTY ERRED WHEN IT AFFIRMED THE DECISION OF THE WORKERS’ COMPENSATION COMMISSION WHEREIN THE COMMISSION AFFIRMED THE RULING OF THE ALJ’S DENIAL OF THE CLAIMANT’S PETITION FOR TEMPORARY TOTAL DISABILITY BENEFITS?
II. WHETHER THE CIRCUIT COURT OF WASHINGTON COUNTY ERRED WHEN IT AFFIRMED THE DECISION OF THE WORKERS’ COMPENSATION COMMISSION WHEREIN THE COMMISSION AFFIRMED THE RULING OF THE ALJ WHEN HE FOUND THAT THE CARRIER WAS ENTITLED TO A CREDIT FOR WAGES RECEIVED BETWEEN THE DATE OF INJURY AND FEBRUARY 22, 1994, SINCE THE CLAIMANT WAS ALSO RECEIVING TEMPORARY TOTAL DISABILITY BENEFITS DURING THIS TIME?
FACTS
¶ 2. On September 13, 1993, Appellant Walter Cox slipped and injured his knee while working as a maintenance man at Days Inn in Greenville, Mississippi. His supervisor took Cox to the emergency room. The emergency room physician referred Cox to orthopedic surgeon Dr. Bruce Newell. Dr. Newell examined Cox three days after the accident; he diagnosed Cox with a fracture in the lower part of his knee and placed Cox in a knee immobilizer. Cox’s condition improved until December 2, 1993, when he complained of pain, weakness, and a “giving away” feeling in his knee. Dr. Newell ordered an MRI. An unknown radiologist declared the MRI results as “normal” on December 9, noting the lack of meniscal tears.
¶ 3. Cox saw Dr. Newell twenty-five times from the date of his first examination until August 8, 1995. During each visit, Cox complained of pain in his knee. He also complained of a giving away feeling in his knee during the period he remained under Dr. Newell’s care. Dr. Newell opined that Cox reached maximum medical improvement (MMI) on September 22, 1994. Cox had been receiving temporary total disability benefits up until that date. Cox continued to see Dr. New-ell until August 8, 1995, the date Days Inn’s workers’ compensation carrier stopped paying for his medical treatment.
¶ 4. Still experiencing pain and a giving away sensation in his knee, Cox sought treatment from Dr. Greg Gober on February 19, 1996. Dr. Gober ordered an MRI. The MRI revealed that Cox had a torn lateral meniscus in his right knee, which related back to Cox’s accident. Cox underwent surgery April 2,1996 to repair the torn meniscus. The surgery was successful, and Dr. Gober opined that Cox reached MMI on June 3, 1996. Dr. Gober assessed Cox with a 15% impairment to the lower extremity which translated into an 8% whole body impairment.[1]
¶ 5. Aggrieved that he was not paid temporary total disability benefits from the date Dr. Newell assessed MMI to the date of his surgery, Cox filed a petition to controvert.
¶ 6. The administrative law judge agreed that Cox reached MMI on June 3, 1996 and was entitled to temporary benefits between September 22, 1994, the date Dr. Newell found MMI, and April 2, 1996, the date of his surgery. The administrative law judge ruled that the medical evidence did not support a finding of total disability, but did support a finding that Cox was partially disabled. Specifically, both Dr. Gober and Dr. Newell agreed that a torn *55 meniscus was not usually totally disabling.[2] Dr. Newell opined that Cox was not totally disabled during the period in question. The record was totally devoid of any medical proof to support Cox’s assertion that he was totally disabled during the period between Dr. Newell’s finding of MMI and his surgery. The administrative law judge ruled that Cox experienced a loss of wage earning capacity of $13.80 per week and awarded temporary partial benefits from September 22, 1994 to April 2, 1996, plus penalties and interest on the untimely temporary partial disability payments.
¶ 7. The administrative law judge further ruled that from the date of his injury until February 22, 1994, Cox received $127.06 every two weeks from Days Inn as well as his disability benefits. The administrative law judge ruled that Days Inn was entitled to a credit for those payments.
¶ 8. The Workers’ Compensation Commission adopted the administrative law judge’s order. The circuit court affirmed, holding that the Commission’s order was supported by substantial evidence.
LAW AND ANALYSIS
I. DID THE CIRCUIT COURT OF WASHINGTON COUNTY ERR WHEN IT AFFIRMED THE DECISION OF THE WORKERS’ COMPENSATION COMMISSION WHEREIN THE COMMISSION AFFIRMED THE RULING OF THE ALJ’S DENIAL OF THE CLAIMANT’S PETITION FOR TEMPORARY TOTAL DISABILITY BENEFITS?
¶ 9. This Court is without authority to reverse the Commission’s findings of fact if they are supported by substantial evidence. Stated differently, this Court cannot reverse the Commission’s factual findings unless they are clearly erroneous and against the weight of the credible evidence. Marshall Durbin Companies v. Warren, 633 So.2d 1006, 1009-10 (Miss.1994). Substantial evidence is .that evidence which is not contradicted by positive testimony or circumstances and is not otherwise deemed unreliable or untrustworthy. Morris v. Lansdell's Frame Co., 547 So.2d 782, 785 (Miss.1989).
¶ 10. After hearing Cox’s testimony and upon review of the medical evidence, the administrative law judge ruled that Cox was partially, not totally, disabled from September 22, 1994 to April 2, 1996. This decision, adopted by the Commission, was based upon the medical opinions of Dr. Newell and Dr. Gober. Specifically, Dr. Newell opined that Cox was not totally disabled from his injury; Dr. Gober opined that Cox’s injury was not of the type that would usually render one totally disabled. Cox did not introduce medical evidence to support his claim of total disability, or to refute the doctors’ opinions that a torn meniscus normally did not render one totally disabled. The only evidence Cox offered to support his claim of temporary total disability was his own subjective opinion that he could not work during the period in question. The medical testimony was clearly the only objective evidence and it substantially supports the Commissions’s finding of partial disability. Having based its finding of temporary partial disability upon substantial evidence, this Court must affirm the Commission’s finding of fact on the disability issue.
*56 II. DID THE CIRCUIT COURT OF WASHINGTON COUNTY ERR WHEN IT AFFIRMED THE DECISION OF THE WORKERS’ COMPENSATION COMMISSION WHEREIN THE COMMISSION AFFIRMED THE RULING OF THE ALJ WHEN HE FOUND THAT THE CARRIER WAS ENTITLED TO A CREDIT FOR WAGES RECEIVED BETWEEN THE DATE OF INJURY AND FEBRUARY 22, 1994, SINCE THE CLAIMANT WAS ALSO RECEIVING TEMPORARY TOTAL DISABILITY BENEFITS DURING THIS TIME?
 ¶ 11. An employer is entitled to a credit for any payments it makes to an injured employee which are intended to be in lieu of compensation. City of Kosciusko v. Graham, 419 So.2d 1005, 1009 (Miss.1982). We are urged to review whether the Commission erred when it granted Days Inn a credit for which it did not affirmatively plead. This is a matter of law which we review de novo. Spann v. WaV-Mart Stores, Inc., 700 So.2d 308, 311 (Miss.1997); KLLM, Inc. v. Fowler, 589 So.2d 670, 674 (Miss.1991).
¶ 12. Rules of the Mississippi Compensation Commission, Procedural Rule 4, requires all affirmative defenses to be pleaded or “they shall be deemed waived.” Before the hearing, the parties must submit a pretrial statement which sets forth, inter alia, the contested issues. Rules of the Mississippi Compensation Commission, Procedural Rule 5. “The hearing will be limited solely to the issues reflected by the pleadings, requests for admissions, and pretrial statements.” Rules of the Mississippi Compensation Commission, Procedural Rule 6.
¶ 13. The administrative law judge allowed the parties to submit simultaneous post-hearing letter briefs in which they were to state their respective cases. Days Inn raised the credit issue for the first time in its post-hearing brief. Since the briefs were filed simultaneously, Cox did not have an opportunity to respond to the credit issue; nevertheless, the administrative law judge ruled that Days Inn was entitled to a credit for the $127.06 it paid Cox every two weeks until February 22, 1994, accepting at face value that Days Inn intended the money to be in lieu of compensation.
¶ 14. Days Inn concedes that it did not plead the credit issue or delineate it as an issue in the pretrial statement. It waived this defense under the Commission’s Procedural Rule 4. Days Inn believes, however, that the issue was tried by implied .consent because Cox failed to object to the following colloquy:
Q. You testified for your attorney that you got a cheek from the insurance company for your temporary disability from the date of your injury through September of the next year for about a year. During that period of time — not that sole period of time but during part of that time you also got a check from your employer; is that correct?
A. I don’t understand.
Q. According to the wage statement your accident was about the 12th or 13th of September yet you were paid through February the 22nd of ’94 from your employer also?
A. Right.
Q. So you got your compensation from the insurance company, correct?
A. Right.
Q. Plus your compensation from the employer; is that correct?
A. Right.
¶ 15. Days Inn asserts that under M.R.C.P. 15(b), an issue which is tried by implied consent shall be treated as if it had been raised in the pleadings. In Shipley v. Ferguson, 638 So.2d 1295, 1299 (Miss.1994), the Mississippi Supreme Court adopted the U.S. Fifth Circuit’s interpretation of implied consent regarding F.R.C.P. 15(b). According to the Fifth Circuit, implied consent generally “depends on whether the parties recognized that an issue not presented by the pleadings entered the case at trial.” Jimenez v. Tuna Vessel GRANADA, 652 F.2d 415, 421 (5th Cir.1981). Further:
*57 If a party fails to object because he does not recognize the significance of the evidence introduced, however, he cannot be said to have consented impliedly to the trial of the unpleaded issues suggested by it. Of course, his inability to comprehend the significance of the evidence must be reasonable in the circumstances presented.
Crawford v. Glenns, Inc., 876 F.2d 507, 513 (5th Cir.1989) (citing Domar Ocean Transp. v. Independent Refining Co., 783 F.2d 1185, 1188 (5th Cir.1986); Jimenez v. Tuna Vessel GRANADA, 652 F.2d 415, 421 (5th Cir.1981)).
¶ 16. We find that Cox’s inability to comprehend the significance of the above abbreviated colloquy as bearing on a possible credit issue was reasonable under the circumstances, and we reject Days Inn’s argument that Cox’s failure to object denoted his implied consent to try a credit issue. Since the credit issue was not properly raised in the pleadings, and since it was not tried by implied consent, the Commission erred in awarding Days Inn a credit.
¶ 17. We note that even had the credit issue been properly pleaded, Days Inn failed to prove its entitlement to a credit. “There was no evidence adduced as to why these payments were made.” City of Kosciusko, 419 So.2d at 1009. If Days Inn intended the payments to be in lieu of compensation, it would be entitled to a credit. If, however, it made the payments knowing that Cox was also receiving compensation, it could be argued that the money was intended as a donation, especially since it never requested a credit until after the hearing before the administrative law judge. See City of Kosciusko, 419 So.2d at 1009 (finding payments made under similar circumstances to be benevolent in nature and not intended to be in lieu of compensation). Donations, sick pay, and vacation pay do not entitle an employer to a credit. Lanterman v. Roadway Express,Inc., 608 So.2d 1340, 1349 (Miss.1992). Since the record is completely devoid as to why Days Inn made the payments to Cox, Days Inn failed to prove its entitlement to a credit. The Commission erred as a matter of law in granting the credit to Days Inn; therefore, we reverse and render the credit issue in Cox’s favor.
CONCLUSION
¶ 18. The Commission’s finding of fact that Cox suffered temporary partial, not temporary total, disability is supported by substantial evidence. The Commission erred in allowing Days Inn a credit for compensation paid to Cox for which Days Inn failed to affirmatively plead under the Commission’s procedural rules.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY, WHICH AFFIRMED THE FULL COMMISSION ORDER, IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT AND THE APPEL-LEE EQUALLY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.

. Cox received a lump sum payment for his permanent disability.

. In a letter to Days Inn's attorney, Dr. Gober opined that a tom meniscus would not normally cause total disability. Dr. Gober stated, however, that: “It would be impossible for me to conclude if Mr. Cox was or was not totally disabled from the time of his release by Dr. Newell until the time that I assumed his care in February 1996.”