996 So.2d 814 (2008)
David BYNUM, Appellant
v.
ANDERSON TULLY LUMBER COMPANY and Liberty Mutual Fire Insurance Company, Appellees.
No. 2008-WC-00506-COA.
Court of Appeals of Mississippi.
November 25, 2008.
*815 John Hunter Stevens, Jackson, attorney for appellant.
William Bienville Skipper, Attorney for Appellees.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. David Bynum claimed he was entitled to workers' compensation benefits as a result of an injury he sustained while working for Anderson Tully Lumber Company. The administrative law judge dismissed Bynum's claim as untimely. Bynum appealed to the full Mississippi Workers' Compensation Commission, which affirmed. After an unsuccessful appeal to the Warren County Circuit Court, Bynum now appeals and claims the statute of limitations was tolled because he was paid wages in lieu of compensation. Alternatively, Bynum claims the doctrine of equitable estoppel prohibits Anderson Tully from asserting the statute of limitations as a defense. Finding no error, we affirm.

FACTS
¶ 2. Bynum worked for Anderson Tully in Vicksburg, Mississippi, for approximately twenty-eight years. Bynum operated a forklift during the night shift of February 26, 2001. Bynum left the driver's seat of his forklift and walked to the front of the lift to note the particular unit number that corresponded to a load of lumber. While Bynum was doing so, another forklift operator hit Bynum with a load of lumber. Bynum filled out an "injured worker's statement." In response to the question, "[w]hat part of your body was injured," Bynum answered, "leg sore, hip sore." *816 Bynum went to a local hospital, but he returned to work and finished his shift.
¶ 3. Approximately one month later, Bynum told Bobby Conrad, his foreman, that his back hurt. Conrad referred Bynum to Kamace Priest, Anderson Tully's safety supervisor and former plant nurse. According to Priest, Bynum told her that he could not work because of a prior back injury that was not work related. Because Dr. Jose Ferrer, an orthopedic surgeon, treated Bynum's previous back injury, Priest told Bynum to see Dr. Ferrer again.
¶ 4. On March 20, 2001, Bynum saw Dr. Ferrer. Dr. Ferrer placed Bynum on lifting restrictions but otherwise allowed him to return to light-duty work.[1] Because Anderson Tully had no light-duty work, Anderson Tully placed Bynum on "short-term disability." On March 26, 2001, Bynum filled out and signed a document titled "Request for Leave of Absence." Within that document, Bynum twice indicated that he needed a leave of absence for "lower back problems." Not once did Bynum attribute his problems to his February 2001 accident or any other aspect of his employment.
¶ 5. According to Anderson Tully, its policy was to pay "sick pay" to employees who are unable to work due to some reason unrelated to employment. Anderson Tully paid Bynum $200 per week for twenty-six weeks. After that twenty-six-week period, Bynum was still unable to work. Anderson Tully then paid Bynum the same "sick pay" rate for an automatic additional six-month period. Bynum's extension expired, and he was expected to return to Anderson Tully on June 30, 2002. When Bynum did not return, Anderson Tully terminated his employment for failure to return "from [his] leave of absence."
¶ 6. Meanwhile, Bynum retained attorney Michael Williams of the firm Davis, Goss, and Williams, PLLC. On January 5, 2002, Williams sent a letter to Anderson Tully's workers' compensation carrier and advised that Bynum "hired [him] in his workers' compensation claim." The record also contains a letter that Williams sent to Priest. Additionally, the record contains a letter to Williams from Mike Myrick, Anderson Tully's human resources manager. For whatever reason, Williams stopped representing Bynum. The record does not indicate exactly when Williams withdrew as Bynum's attorney.
¶ 7. The record contains one letter from attorney Josie Mayfield Hudson to Myrick on Bynum's behalf. That letter is undated, but it was stipulated that Hudson sent the letter to Myrick in August 2002. Hudson never specifically mentioned that she was representing Bynum, but she stated that Bynum hurt his back in the course of his employment with Anderson Tully. There is no other indication that Hudson advanced Bynum's claim beyond that letter.
¶ 8. However, on December 23, 2003, attorney John Hunter Stevens with the firm Grenfell, Sledge, and Stevens filed a petition to controvert on Bynum's behalf. Bynum later filed an amended petition to controvert, and modified the alleged date of injury. In his amended petition, Bynum claimed he suffered a compensable injury on February 27, 2001.[2] Bynum attributed *817 his alleged injury to the forklift collision. However, Bynum also claimed that his injury was due to prolonged repetition. Anderson Tully denied that Bynum was disabled either temporarily or permanently due to the February 2001 accident.
¶ 9. On March 2, 2007, the administrative law judge conducted a hearing on Bynum's petition. Anderson Tully argued that Bynum's claim was time-barred by the two-year statute of limitations set forth at Mississippi Code Annotated section 71-3-35(1) (Rev.2000). Bynum claimed that his petition was not time-barred. According to Bynum, the statute of limitations was tolled because Anderson Tully paid him wages in lieu of compensation. Additionally, Bynum argued that Anderson Tully was equitably estopped from arguing that he was time-barred because Anderson Tully failed to follow its own statutory obligation to report his injury.
¶ 10. After a commendably thorough analysis, Administrative Law Judge James Homer Best concluded that Bynum's claim was time-barred. After a hearing, the full Commission affirmed without further comment.[3] Bynum appealed to the circuit court, but the circuit court declined to reverse the full Commission. Bynum appeals.

STANDARD OF REVIEW
¶ 11. We review decisions of the Mississippi Workers' Compensation Commission pursuant to the familiar "arbitrary and capricious" standard of review. Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1225 (Miss.1997). The full Commission resolves conflicts in the evidence, and we must defer to its factual findings. Id. Our role as a reviewing court requires that we determine whether a "quantum of credible evidence" supports the full Commission's decision. Id. at 1224. We will reverse the full Commission only if its decision is based on "an error of law or an unsupported finding of fact." Meridian Prof'l Baseball Club v. Jensen, 828 So.2d 740, 743(¶ 8) (Miss.2002). This Court is bound to conduct a de novo review of questions of law, including issues regarding application of a statute of limitations. Ellis v. Anderson Tully Co., 727 So.2d 716, 718(¶ 14) (Miss. 1998).

ANALYSIS
¶ 12. Bynum claims the Commission erred when it concluded that his claim was barred by the applicable statute of limitations. Naturally, Anderson Tully disagrees. After careful consideration, we agree with Anderson Tully. Bynum's claim is barred by the two-year statute of limitations set forth in Mississippi Code Annotated section 71-3-35(1).
¶ 13. Bynum concedes that his petition to controvert was technically untimely. However, Bynum maintains that his petition to controvert was not barred by the statute of limitations set forth at Mississippi Code Annotated section 71-3-35(1). Section 71-3-35(1) provides: "Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred." Bynum claims Anderson Tully paid him wages in lieu of compensation, which tolled the statute of limitations. Additionally and alternatively, Bynum argues that the doctrine *818 of equitable estoppel tolls the statute of limitations.

A. Wages in Lieu of Compensation

¶ 14. As previously mentioned, Anderson Tully paid Bynum $200 per week for approximately one year. According to Bynum, he was told those payments were workers' compensation benefits. Anderson Tully disputes that. According to Anderson Tully, those paymentslabeled as "sick pay"were short-term disability payments.
¶ 15. The Mississippi Supreme Court recently addressed a similar issue in Parchman v. Amwood Prods., 988 So.2d 346 (Miss.2008). Continued payment of a claimant's salary qualifies as wages in lieu of compensation if that claimant "is paid his usual salary and does no work for a given period or does so little work that he really does not earn his wage." Id. at 349(¶ 9). (quoting Dunn, Mississippi Workmen's Compensation § 45 (3d ed.1982)). That only applies if there is no agreement "that the wage is a gratuity in addition to workmen's compensation." Id. Since there is seldom any evidence whether an employer intends that wages be paid in lieu of compensation, it must be inferred from circumstances surrounding the payment. Id. (quoting George S. Taylor Constr. Co. v. Harlow, 269 So.2d 337, 338 (Miss.1972)). "[I]f [an employee] is paid his regular wage, although he does no work at all, it is a reasonable inference that the allowance is in lieu of compensation." Id.
¶ 16. In Parchman, the supreme court found that because an employer continued to pay a claimant's wages, despite the claimant's absence from work and the claimant's failure to perform the "essential functions of his job," the statute of limitations was tolled because the employer paid the claimant wages in lieu of compensation. Id. at 350-51 (¶¶ 11-14).
¶ 17. Bynum was not a salaried employee. Anderson Tully paid Bynum an hourly wage on a weekly basis. Anderson Tully's deposit register indicates that Bynum was paid irregularly from November 30, 2000, to March 29, 2001. Bynum's weekly pay ranged between $235 and $409 per week. Starting on April 5, 2001, Anderson Tully started paying Bynum regular payments of $200 per week. Those payments are clearly labeled as "sick pay."
¶ 18. However, there is no evidence, circumstantial or otherwise, that Anderson Tully paid Bynum wages in lieu of workers' compensation benefits. There is no evidence that Anderson Tully thought Bynum had a work-related injury. Bynum originally sought treatment for an unspecified leg injury. There was no indication that he hurt his back in the forklift collision. Bynum reported that he could not work because of a prior back injury that was not work-related. Anderson Tully had every reason to believe that Bynum returned to Dr. Ferrer for treatment of his previous back injury. What is more, Dr. Ferrer's notes stated that Bynum "does not need any active orthopedic treatment at the present time since this is a chronic condition which was pre-existing the current job[,] and this is definitely not completely caused by the current job at the railroad."

B. Equitable Estoppel

¶ 19. Bynum next argues that Anderson Tully is estopped from arguing that his claim lapsed by operation of the statute of limitations. Bynum's reasoning is based on the argument that Anderson Tully was required to file a first notice of injury as required by Mississippi Code Annotated sections 71-3-67 (Rev.2000) and 71-3-11 (Rev.2000). In other words, "an employer and its insurance carrier [are] estopped from denying that the two-year statute of limitations [is] tolled where they *819 failed to comply with the notice requirement of the act." Holbrook ex rel. Holbrook v. Albright Mobile Homes, Inc., 703 So.2d 842, 844(¶ 6) (Miss.1997).
¶ 20. Pursuant to Mississippi Code Annotated section 71-3-67(1):
In the event of an injury which shall cause loss of time in excess of the waiting period prescribed in Section 71-3-11, a report thereof shall be filed with the commission by the employer or carrier, on a form approved by the commission for this purpose [Form B-3], within ten (10) days after the prescribed waiting period has been satisfied.
Mississippi Code Annotated section 71-3-11 provides: "No compensation except medical benefits shall be allowed for the first five (5) days of the disability. In case the injury results in disability of fourteen (14) days or more, the compensation shall be allowed from the date of disability." Stated differently, Anderson Tully was required to file a first notice of injury document if it knew that Bynum missed at least five days of work because of a compensable work-related accident.
¶ 21. Anderson Tully was not required to file a first notice of injury. As previously mentioned, Bynum reported that he had hurt his leg on February 26, 2001. Approximately one month later, Bynum reported that he could not work because his back hurt. Priest testified that Bynum attributed his back pain to a prior back injury that was not work-related. Anderson Tully had no reason to conclude that Bynum suffered a compensable injury. It follows that Anderson Tully had no reason to think Bynum missed five days of work due to a compensable, work-related injury and no duty to file a first notice of injury. Accordingly, Anderson Tully was not estopped from raising the statute of limitations as a defense.
¶ 22. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
NOTES
[1] On July 18, 2002, Dr. Ferrer performed a surgical procedure on Bynum. Dr. Ferrer described that procedure as a "L4-L5 laminectomy." According to Dr. Ferrer, Bynum reached maximum medical improvement on August 2, 2004.
[2] Bynum's forklift collision occurred near midnight. This is the most logical explanation for the discrepancy between the date of injury as listed in the paragraph two of this opinion and the date of injury Bynum listed in his amended petition to controvert.
[3] Commissioner Augustus Collins dissented from the full Commission's majority decision. Commissioner Collins would have found that Anderson Tully's payments of "sick pay" or "short-term disability" qualified as payment in lieu of wages and, therefore, tolled the two-year statute of limitations.