354 So.2d 253 (1978)
Hugh W. SHACKELFORD et al.
v.
CENTRAL BANK OF MISSISSIPPI.
No. 49849.
Supreme Court of Mississippi.
January 4, 1978.
As Corrected on Denial of Rehearing February 8, 1978.
*254 Binder, Lucas & Lohrmann, Jerome L. Lohrmann, William B. Howell, Jackson, for appellant.
McLaurin, Nicols & Kelly, George T. Kelly, Jr., Brandon, for appellee.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
The Circuit Court of Rankin County entered judgment against Hugh W. Shackelford in favor of Central Bank of Mississippi in the amount of two hundred one thousand four hundred forty-eight dollars sixty-five cents ($201,448.65) and Shackelford appeals.
Appellant first contends that the trial court erred in overruling his motion to dismiss and in holding that he was subject to jurisdiction of the court under Mississippi Code Annotated Section 13-3-57 (1972) [Long-Arm Statute].
On December 13, 1973, appellant executed a loan guaranty agreement in favor of appellee wherein he agreed to indemnify appellee to the extent of sixty thousand dollars ($60,000) in the event of default on an indebtedness owed by Pilgrim Properties, Inc. to appellee. The loan guaranty agreement was executed in order to enable Pilgrim Properties, Inc. to obtain credit at intervals from appellee. Appellant signed the agreement in Albany, Georgia, his place of residence. The instrument provided that the guaranty was to be construed according to the laws of the State of Mississippi and was to be performed by appellant in said state. It was accepted by appellee at its office in Brandon, Mississippi.
Thereafter, on January 21, 1975, Pilgrim Properties, Inc. executed a note in the sum of seventy-five thousand dollars ($75,000) to Central Bank of Mississippi, which note (contract) was endorsed and guaranteed by appellant and other individuals. The note provided that it was negotiable and payable at Central Bank of Mississippi in Brandon, Mississippi. Therefore, appellant agreed that, upon default of same, he would pay the amount of the note together with interest in the State of Mississippi.
Appellant made at least one trip to the office of appellee and from 1973 until the date suit was filed, he (1) was engaged in the business of acquiring real estate in and around Jackson, Mississippi, (2) was a partner in the Regency Apartment Developers, Ltd., which did considerable work for Pilgrim Properties, Inc., and (3) executed notes and deeds of trust to various individuals and firms in connection with his business enterprises, which finance arrangements involved in excess of five million dollars ($5,000,000).
Mississippi Code Annotated Section 13-3-57 (1972) provides the following:

*255 "Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi... ." (Emphasis added)
The case of Miller v. Glendale Equipment and Supply Company, 344 So.2d 736 (Miss. 1977), disposes of the question as to whether or not appellant entered into a contract with a resident of the State of Mississippi to be performed in whole or in part by any party in this state. In that case, the contract was made over the telephone by Glendale, a non-resident corporation, with Miller, a resident of this state. Miller obtained and mailed a twenty-one thousand dollar ($21,000) check from Mississippi to Glendale in Ohio for the purchase price of a bulldozer. Glendale delivered the machine through its agent to Miller in Mississippi using the roadways of this state. The Court held that the contract was performed in part by Glendale and Miller in the State of Mississippi. Here, both instruments provided that they be performed (paid) in the State of Mississippi, and they were accepted by appellee in Mississippi. The trial court had jurisdiction under the Long-Arm Statute, and the first assignment of error is without merit.
Appellant next contends that the trial court erred in overruling appellant's motion for new trial and that attorneys' fees fixed by the jury were excessive and contrary to the law and evidence.
During the trial, the parties stipulated that appellant owed appellee the sum of one hundred fifty-one thousand one hundred sixteen dollars forty-nine cents ($151,116.49), principal and interest, on the secured instruments. The jury fixed reasonable attorneys' fees at fifty thousand three hundred seventy-two dollars sixteen cents ($50,372.16) [thirty-three and one-third percent (33 1/3%) of the amount due].
Appellant argues that the loan guaranty agreement provided for "reasonable attorneys' fees at any time paid or incurred in endeavoring to collect said indebtedness, liabilities and obligations, and in and about enforcing this instrument." (The note endorsed by appellant provides for reasonable attorneys' fees, if placed in the hands of an attorney for collection). He further contends that the proof does not show appellee either paid or incurred attorneys' fees and that the same should not have been allowed. There is no merit in that contention. It is not reasonable to say that even though appellees had employed an attorney, instituted suit, and the suit was actually tried to verdict and judgment, no attorneys' fees were incurred.
In 22 Am.Jur.2d Damages § 170, at 240 (1965), it is stated:
"Previous payment of expenses incurred by reason of the wrongful or negligent act of another is not essential to the recovery of those expenses in an action against the wrongdoer for damages. Liability for expenses incurred by the plaintiff by reason of an injury rests on the ground that such expenses have been rendered necessary by the defendant's neglect of duty, and not upon the ground that they have been paid at the time of the trial. It is immaterial what arrangement the plaintiff may have made for the payment of such expenses or whether he ever pays them, provided a legal liability to pay them exists. If he is under such liability and has properly pleaded that liability as special damages and supported his pleading by competent proof, the plaintiff is entitled to have the jury consider this liability for expenses in fixing his damages, although he has not, as a matter of fact, paid them."
Appellant contends that 33 1/3% attorneys' fees was exorbitant and excessive. The appellee introduced as a witness a Jackson attorney who has had considerable experience *256 in the field of commercial law and in the collection of past-due obligations. He testified that a reasonable fee is partially based upon the amount of work required, that the larger the amount, the more work is involved, and the more risk taken, that it was probable any judgment obtained in Mississippi would have to be reduced to judgment in Georgia and execution brought there (no appeal with supersedeas was taken), and that 33 1/3% of the amount to be recovered is a reasonable fee in a contested case. This testimony is undisputed and appellant introduced no evidence to the contrary.
In Jack Cole-Dixie Hwy. Co. v. Red Ball Motor Freight, Inc., 254 So.2d 734 (Miss. 1971), this Court held that attorneys' fees in the amount of forty-two thousand one hundred nine dollars seventy-one cents ($42,109.71), which represented 33 1/3% of the amount involved on a one hundred thousand dollar ($100,000) note, were not unreasonable. Members of this Court may exercise their own independent judgment on appeal, based upon knowledge and experience, as to what amount constitutes a reasonable attorneys' fee. Koehring Company v. Hyde Construction Co., 236 So.2d 377 (Miss. 1970).
We are of the opinion that the attorneys' fees in the amount of 33 1/3% of the amount owed were reasonable in this case, and that there is no merit in the second assignment of error.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.