438 So.2d 285 (1983)
MAGNOLIA FARM SERVICES, Inc.
v.
TUNICA OIL CO., Inc.
No. 54439.
Supreme Court of Mississippi.
September 28, 1983.
W. Dean Belk, Clark, Davis & Belk, Indianola, for appellant.
Bard E. Selden, Jr., Tucker & Tucker, Tunica, for appellee.
En Banc.
BROOM, Presiding Justice, for the Court:
Attorney's fees accrued for filing suit on an open account is the chief feature of this suit, appealed from the Circuit Court of Tunica County, the Honorable Elzy J. Smith, circuit judge, presiding. Plaintiff/appellee Tunica Oil Company, Inc., filed suit against Magnolia Farm Services, Inc., defendant/appellant, pursuant to Mississippi Code Annotated § 11-53-81 (Supp. 1982), and the jury found for the appellee and awarded an attorney's fee of $3,108.60, which is 25% of the amount owed on the account when suit was filed against Magnolia Farm Services, Inc. (appellant herein). We reverse.
Appellee, Tunica Oil Company, Inc., a farm supply merchant, had previously extended credit to appellant (Magnolia) on a 30-day basis, and when appellant's account became several months delinquent in 1981, appellee attempted to contact appellant. Resolution of the issue over the telephone failed, so on February 10, 1982, appellee sent appellant a demand letter (certified mail) pursuant to Mississippi Code Annotated § 11-53-81 (Supp. 1982), which letter appellant received February 16, 1982. Mr. Sands, appellee's president, testified that he next heard from appellant on February 20, when appellant's bookkeeper, Marsha Brademan, called. Sands testified that Brademan agreed to send a check for $5,000 within the next four or five days and the balance by March 10. Sands further testified that on or about March 12, appellee attempted to contact appellant but was informed that the bookkeeper was in Texas and had the checkbook with her, but that upon her return the money would be paid. Finally, in April, appellee turned the account over to an attorney for collection.
Appellant's bookkeeper, Brademan, testified that the conversation in which she agreed to immediately send $5,500 and the balance soon thereafter occurred during the week of April 19. She also testified that the checks aggregating $5,500 were hand-delivered on April 27.
On April 30, 1982, appellee began this litigation by filing its complaint upon open account with affidavit as to correctness for the remaining balance of $12,434.63. Process upon appellant's registered agent was accomplished May 5, 1982, and on June 7, 1982, appellant forwarded a check to appellee in the amount of $12,467.79, the full amount due plus accrued interest. Telephone conversations between counsel resulted in an agreement that the funds be accepted in liquidation of the account with the understanding that the question of whether appellee was entitled to attorney's fees, and if so the amount thereof, would be reserved for court trial.
At trial, as to the issue of attorney's fees, appellee's president testified that it had retained its attorney on a contingent fee contract to collect the balance of the account. A member of the Tunica County bar testified that he usually undertook the collection of open accounts on a 1/4th, and sometimes 1/3rd, contingent fee basis. He also testified that a maximum of seven or eight hours would be necessary to complete the task of collecting on an open account. The witness charges an hourly rate of $50 to $65 per hour.
After hearing this testimony, the trial court found that a reasonable fee for an open account of the size involved in the suit *287 would be $3,108.66: 1/4th of the $12,434.63 sued for.
Appellant first argues that, inasmuch as no judgment for the principal amount due on the account was ever actually rendered, appellee was not entitled to attorney's fees under Mississippi Code Annotated § 11-53-81 (Supp. 1982). Enacted by the Mississippi Legislature in 1980, § 11-53-81 provides in pertinent part:
§ 11-53-81. Recovery of attorney's fees in suit on open account.
When any person fails to pay an open account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff... . (Emphasis added).
Statutory interpretation is the issue before us. § 11-53-81 provides two contradictory interpretations which are asserted by each party. According to appellant's view, a plaintiff is not entitled to attorney's fees unless suit is brought for collection of the account, goes through trial, and to final judgment. On this basis it is urged that attorney's fees should not be awarded where subsequent to the filing of the complaint and service of process, but before formal entry of judgment by the court, the defendant tenders payment of the principal amount due on the account. Adopted by the appellee and the court below is the interpretation which results from a broader reading of the statute. According to this rationale, the legislature "intended § 11-53-81 as a measure of relief to creditors and states clearly in its contents the time for payment to avoid its action [is] `within 30 days of receipt of written demand therefor.'"[1]
Careful reading of § 11-53-81 discloses the language under consideration examined in isolation, the first half of the first sentence could be said to indicate that attorney's fees are recoverable at any time beyond 30 days of receipt of demand letter,
When any person fails to pay an open account within thirty (30) days after receipt of written demand . .. that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim... .
However, the last half of the sentence indicates otherwise,
... when judgment on the claim is rendered in favor of the plaintiff. (Emphasis added).
The critical inquiry is: at what point do attorney's fees become recoverable, i.e., 31 days after receipt of demand, after suit is filed, or after judgment is formally rendered in favor of the plaintiff?
No Mississippi case has decided this issue, and the legislative history of § 11-53-81 provides no clue as to which of the above interpretations the legislature intended. In addition to Mississippi, four other jurisdictions have statutes allowing for attorney's fees for suits on open account. Of these four, the parties rely heavily upon the Louisiana statute. The Louisiana statute on attorney's fees for collection of open accounts is quite similar to the Mississippi statute, and apparently was the model for the original Mississippi House Bill. The Louisiana statute provides, inter alia,
When any person fails to pay an open account within thirty days after receipt of written demand therefore correctly *288 setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant... .
Relying on this statute and Barbato, Super & Robinson, Inc. v. Koerner, 394 So.2d 820 (La. App. 1981), appellee argues that attorney's fees are mandated when statutory procedures are complied with and the defendant has failed to pay the account by the time of the filing of the suit. We find Barbato as factually distinguishable and not persuasive, because there an actual trial transpired on the account resulting in a judgment for the plaintiff.
Our study causes us to conclude that in passing § 11-53-81, supra, the legislature intended to provide relief to creditors who not only employed an attorney but prosecuted the case in court until "judgment on the claim is rendered... ." Here before trial the account (claim) was paid in full and no judgment was ever rendered on the once-delinquent account. The statute: § 11-53-81, in allowing attorney's fees as to open account suits is obviously in derogation of common law which did not allow such fees, and therefore must be strictly construed. Had the legislature intended for attorney's fees to become attached when suit is filed, such intent could have been easily expressed. Instead, § 11-53-81 allows for the fees "when judgment of the claim is rendered in favor of the plaintiff ..." No such judgment having been "rendered", the attorney's fees are not recoverable and reversal must be ordered here. Having so held, we do not reach the issue of whether the attorney's fee was excessive.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, DAN M. LEE and ROBERTSON, JJ., concur.
PRATHER, BOWLING and HAWKINS, JJ., dissent.
PRATHER, Justice, dissenting:
Tunica Oil Company gave written demand for account payment February 10, 1982. Suit was filed April 30, 1982, demanding judgment for the amount of the open account, plus interest, plus attorney's fees and costs.
No answer by defendant was filed. However, the defendant paid the entire past due account, without attorney's fees, by mailing to plaintiff's attorney. Hereafter, demand was made for attorney's fees. The parties agreed that the check in payment of the account would be received, with reservation of a ruling by the court on the issue of entitlement to attorney's fees. The trial court allowed fees, interest, and court costs.
The question for decision is whether attorney's fees are a part of the claim allowable on a suit for open account under Miss. Code Ann. section 11-53-81 (Supp. 1982).
Three considerations need addressing. The first is the legislative intent in passage of House Bill No. 1005, Chapter 443, effective July 1, 1980.
The title of the house bill states that the purpose of the act was to provide "... for reasonable attorney's fees and for related purposes" on delinquent open accounts. The legislative intent is defeated, if after filing suit, the plaintiff has to pay his attorney's fees upon tender of the account prior to judgment. The statute intended to change the common law; however, we submit that the majority view defeats that intent.
Secondly, the language of the statute allows attorney's fees when judgment is rendered "on the claim." The claim is the total demand. The demand sub judice is for the open account, attorney's fees, interest, and costs, being all the rights of action appearing in the pleading. The payment of the open note alone does not extinguish the other demands of the pleading.
Lastly, the majority view holds that no attorney's fees are allowable until the "open account" (or the "claim" as interpreted in the majority opinion) is reduced to judgment. We respectfully submit that the *289 defendant's payment of the open account under these circumstances amounts to a confession of judgment.
We would affirm the lower court in allowance of attorney's fees, interests, and costs after suit was properly filed which resulted in the defendant's payment of the account.
BOWLING and HAWKINS, JJ., join this dissent.
NOTES
[1] The trial judge likewise felt that payment after suit is filed would not defeat the operation of the statute,

BY THE COURT: Don't you think, Mr. Belk, that if they said that because the account has been paid that it would defeat the intent of the statute by simply after a substantially delinquent account, after suit is filed, then are you saying a debtor should be forgiven for the attorney's fee portion of it, because after finally, some four months or more after the account is delinquent, or even more than that, then once suit is filed, then the debtor runs in and pays the account. Wouldn't this defeat the whole intent of it?
... .
The Court believes the statute is applicable in the case and cannot be defeated by payment after suit is filed.