940 So.2d 937 (2006)
SOUTHLAND ENTERPRISES, INC., Appellant/Cross-Appellee
v.
NEWTON COUNTY, Mississippi, Appellee/Cross-Appellant.
No. 2004-CA-00731-COA.
Court of Appeals of Mississippi.
February 7, 2006.
Rehearing Denied August 15, 2006.
*940 G. Martin Warren, Jr., attorney for appellant/cross-appellee.
Jason A. Mangum, Newton, attorney for appellee/cross-appellant.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Newton County accepted a bid from Southland Enterprises, Inc., to reseal a portion of Chunky-Duffee Road. After the project was over, Newton County refused to pay Southland and claimed that the result was unsatisfactory. Southland brought this action, and a Newton County Circuit Court jury awarded Southland the total amount owed for its work, $94,800.98. Judge Vernon Cotten denied Southland's motion to reform the judgment to include prejudgment interest and attorney fees. He denied Newton County's motion to conform the judgment to the $84,800.98 amount pled in the complaint. He also denied Newton County's motion for a JNOV or a new trial. Both parties appeal these rulings.
¶ 2. We affirm in part and reverse and render in part.

FACTS
¶ 3. Dale Alexander was a former member of the Newton County Board of Supervisors. He was going out of office at the end of 1999. On November 1, 1999, Alexander asked the Board to reseal a seven mile stretch of Chunky-Duffee Road, where he and his family resided. The Board approved the project, without consulting the county State Aid engineer, and advertised for bids on November 29. Newton County awarded the project to Southland, the lowest bidder.
¶ 4. The time of year for such a project was unusual. Chunky-Duffee Road is a State Aid road, and State Aid policy is not to allow such a project between October 1 and March 15. Only rarely are such projects allowed during this time period. Even then, the temperature must be above 60 degrees. If it is colder, the asphalt reseal does not adhere properly.
¶ 5. Both parties were aware of the role temperature would play into the success of the project. Nevertheless, Newton County insisted that the project be completed on or before December 30, 1999, which was Alexander's last day in office. Newton County Engineer Jimmy Kemp instructed Southland to work on the project as long as the temperature was 50 degrees and rising. County employee Bussy Clark was on-site every day monitoring the temperature. Kemp and Clark testified that Southland followed this instruction.
¶ 6. Southland completed the job December 16. Upon completion, Kemp accepted and approved the job and submitted Southland's bill to the Board of Supervisors. Kemp calculated the amount due based upon the unit price Southland had bid, multiplied by the amount of materials used. Because of a mathematical error on *941 Kemp's part, the bill submitted to the Board was $84,800.98. However, the actual amount due was $94,800.98.
¶ 7. A couple of weeks later, the temperature dropped into the twenties and low teens, and rocks began to come loose from the asphalt. As a result, Newton County refused to pay Southland. Kemp then suggested that Newton County pay Southland $21,697.24 for the leveling work that it did and then dispute the rest of the bill. Newton County still refused to pay.
¶ 8. Southland sued Newton County for breach of contract and open account. The case went to a jury that awarded Southland $21,697.24. The Mississippi Supreme Court upheld the liability finding but ordered a new trial on damages. Southland Enterprises, Inc. v. Newton County, 838 So.2d 286 (Miss.2003). On November 24, 2003, the second trial proceeded with the new jury instruction that was ordered by the supreme court. The jury entered a verdict that awarded Southland $94,800.98. Since Newton County had already paid the first $21,697.24 verdict, Judge Cotten ordered Newton County to pay the balance of $73,103.74.

ANALYSIS
I. Is Newton County entitled to a JNOV or a new trial?
¶ 9. In its cross-appeal, Newton County argues that Judge Cotten should have granted a new trial or a judgment notwithstanding the verdict. The county asserts there was insufficient evidence to find it liable under the contract.
¶ 10. The first jury found Newton County liable. In the appeal to the Mississippi Supreme Court, the county did not challenge the jury's liability finding. The court upheld liability and remanded the case for a new trial on damages only. Southland Enters., 838 So.2d at 292(¶ 20). This argument is both untimely and without merit.
II. Was the complaint properly amended to allow Southland to recover $94,800.98?
¶ 11. Newton County wants the judgment of $94,800.98 conformed to the amount originally pled in the complaint, $84,800.98. Even though evidence was admitted that the actual amount owed was $94,800.98, the county argues that it was not on notice to object to the variance. The trial court found that the county had plenty of notice that the amount being actually sought was $94,800.98, and therefore, the variance was tried by consent of both parties.
¶ 12. A trial court's decision to allow an amendment to a pleading will be reviewed for an abuse of discretion. Church v. Massey, 697 So.2d 407, 412-13 (Miss.1997). When evidence outside the pleadings is offered at trial, and the other side consents, the complaint is amended by operation of law. M.R.C.P. 15(b). If the plaintiff puts on evidence that her damages are greater than pled, and defendant does not object, Rule 15(b) amends the complaint accordingly. Lahmann v. Hallmon, 722 So.2d 614, 619(¶ 17) (Miss.1998).
¶ 13. Whether an issue was tried by consent depends on whether it was reasonable for the opposing side to recognize that the evidence not presented in the complaint was being tried. Cox v. S.B. Thomas Trust, 755 So.2d 52, 56-57(¶ 15) (Miss.Ct.App.2000). The county argues that the new figure was only mentioned three times at trial, and this was not enough to put it on notice to object. The history of the case and the record tell a different story.
¶ 14. To begin with, the amount sought was a liquidated amount, which the county *942 was in just as good a position to calculate as was Southland. There is no prejudice in such a case. Lahmann, 722 So.2d at 619(¶ 17). In fact, the county's miscalculation contributed to the confusion of the amount due. Furthermore, this mistake was brought to everyone's attention in the first appeal. Southland Enters., 838 So.2d at 288(¶ 5).
¶ 15. The $94,800.98 figure was mentioned throughout the second trial. In Southland's opening statement, its attorney asked the jury for $94,800.98 in damages. Ronnie Blacklidge explained the miscalculation once on direct and again on redirect. In fact, on redirect, Mr. Blacklidge went through a discussion that explained the calculations to the jury. Kemp testified on behalf of the county and mentioned the miscalculation during his direct examination. In preparing the jury instructions, Southland's attorney brought out the fact that the jury instructions should list $94,800.98 as the total contract damages. During its closing argument, Southland's attorney asked the jury five times for $94,800.98 in damages. The first time, he again explained the miscalculation and asked the jury to remember that the correct amount of damages was $94,800.98.
¶ 16. Not only was it reasonable to conclude that the $94,800.98 figure was being tried, it was the only number that was offered. The only times the $84,800.98 figure was ever mentioned at trial was accompanied by an explanation that it was not the correct amount of damages.
¶ 17. The $94,800.98 figure was tried by consent of both parties. This acted to amend the complaint accordingly, by operation of Rule 15(b). The trial court was correct in upholding the judgment. We affirm.
III. Is Southland entitled to prejudgment interest and attorney fees?
¶ 18. In the first appeal, the supreme court held Southland was not entitled to prejudgment interest and attorney fees, because the jury found liability based on quantum meruit. Id. at 291(¶ 19). When Southland asked for this relief in the second trial, Judge Cotten used the supreme court opinion as the basis for denying the relief. Southland argues that the damage award is a breach of contract award and not a quantum meruit award. The county argues that since the amount owed was in dispute, neither interest nor attorney fees are owed.
¶ 19. Statutory interpretation is a matter of law and is therefore reviewed de novo. Grand Casino Tunica v. Shindler, 772 So.2d 1036, 1038(¶ 8) (Miss.2000).
¶ 20. Whether to award attorney fees rests entirely within the discretion of the trial court. Ward v. Ward, 825 So.2d 713, 720(¶ 28) (Miss.Ct.App.2002). A trial court's decision on attorney fees is subject to an abuse of discretion standard. Id. (quoting USF & G Co. v. Conservatorship of Melson, 809 So.2d 647(¶ 69) (Miss. 2002)). Unless the trial court is manifestly wrong, its decision regarding attorney fees will not be disturbed on appeal. Id. Denial of prejudgment interest is reviewed for abuse of discretion. Moeller v. Am. Guarantee & Liab. Ins. Co., 812 So.2d 953, 958(¶ 11) (Miss.2002).
A. Prejudgment interest
¶ 21. After the first trial, the trial court and the supreme court found the jury's verdict was based on quantum meruit. Statutory pre-judgment interest is not available for a quantum meruit award. Stanton & Assocs. v. Bryant Constr. Co., 464 So.2d 499, 504 (Miss.1985). Therefore, the supreme court ordered that no prejudgment interest be allowed in this *943 case. Southland Enters., 838 So.2d at 291(¶ 19).
¶ 22. While the trial court referred to this ruling as res judicata, it may fall under "the law of the case" doctrine. The law of the case is similar to res judicata but is restricted to questions of law only. Cont'l Turpentine & Rosin Co. v. Gulf Naval Stores Co., 244 Miss. 465, 479-80, 142 So.2d 200, 206-07 (1962). When an appellate court issues a ruling and sends the case back on remand, the ruling is the law of the case. Moeller, 812 So.2d at 960(¶ 22). It is binding on the trial court unless it falls under an exception. Id. Exceptions include material changes in evidence, pleadings or findings, or the need for the court to depart from its earlier decision to avoid unjust results. Id.
¶ 23. In the first appeal, the supreme court ruled that "[b]ecause Southland was awarded an amount in quantum merit [sic], we find that the County is not liable for statutory interest or attorney's fees." Southland Enters., 838 So.2d at 291(¶ 19). The case, however was remanded for a new trial on damages, with an additional jury instruction. Id. at 292(¶ 20). The new award was for the full amount of the contract. It follows that the law of the case does not apply.
¶ 24. To be entitled to prejudgment interest, the claim must be liquidated when originally made, and the pleadings must request it. Moeller, 812 So.2d at 958(¶ 11). Here, the claim was liquidated, and Southland pled for prejudgment interest in its complaint.
¶ 25. First, Southland points to Mississippi Code Annotated Section 31-7-305(3) for relief. This statute applies to all public bodies of the state and reads in pertinent part:
If . . . payment of an invoice is not mailed or otherwise delivered within forty-five (45) days after receipt of the invoice and receipt, inspection and approval of the goods and services, the public body shall be liable to the vendor, in addition to the amount of the invoice, for interest at a rate of one and one-half percent (1-1/2 %) per month or portion thereof on the unpaid balance from the expiration of such forty-five-day period until such time as [payment] is mailed or otherwise delivered to the vendor. The provisions of this paragraph shall apply only to the undisputed amounts for which payment has been authorized. In the case of an error on the part of the vendor, the forty-five-day period shall begin to run upon receipt of a corrected invoice by the public body and upon compliance with the other provisions of this section. . . .
Miss.Code. Ann. § 31-7-305(3) (Rev. 2005). The statute does not apply to amounts which are disputed. The trial court held that there was a good faith dispute as to what amount Newton County owed Southland, if any. Bad faith is defined as a refusal to fulfill a duty, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bailey v. Bailey, 724 So.2d 335, 338(¶ 9) (Miss.1998) (quoting Black's Law Dictionary 139 (6th ed. 1990)). Bad faith is not simply bad judgment or negligence. Id. It implies conscious wrongdoing because of dishonest purpose or moral obliquity. Id. It is different from negligence, because it contemplates a state of mind affirmatively operating with furtive design or ill will. Id. For the county to be guilty of a bad faith dispute, it would have to concede that it owed the amount due, yet still refused to pay. Sports Page, Inc. v. Punzo, 900 So.2d 1193, 1207(¶ 61) (Miss.Ct.App.2004). The county did not concede that it owed Southland any money. In fact, the county *944 disputed whether it owed Southland anything, because it accused Southland of using defective materials in the project. There was no evidence that the county's refusal to pay arose from a sinister motive. The record reveals that the county's refusal to pay arose out of an honest mistake as to its rights and duties under the contract. Therefore, Section 31-7-305(3) is not applicable, because there was a good faith dispute as to whether the amount was payable.
¶ 26. Secondly, Southland points the Court to Mississippi Code Annotated Section 31-5-25, which provides in relevant part:
(1) All sums due contractors under all public construction contracts shall be paid as follows:
. . .
(b) Final payments: The final payment of all monies owed contractors shall be due and payable:
(i) At the completion of the project or after the work has been substantially completed in accordance with the terms and provisions of the contract
. . .
If the contractor is not paid in full within sixty (60) calendar days from the first occurrence of one (1) of the above-mentioned events, then said final payment shall bear interest from the date of said first occurrence at the rate of one percent (1%) per month until finally paid.
In no event shall said final payment due the contractor be made until the consent of the contractor's surety has been obtained in writing and delivered to the proper contracting authority.
"The fact that there may be a potential claim against the contractor does not affect the timing for final payment to the contractor following the completion of the project." Op. Att'y Gen. No. 93-1010 (1994). Unlike Section 31-7-305, Section 31-5-25 does not have an exception for disputed amounts.
¶ 27. The county contends that this argument is waived because Southland did not plead for relief under this particular statute. A remedy by statute will not fail if the pleading states sufficient allegations which notify the court and the opposing party that the allegations fall within the statute, even though the statute is not named in the pleadings. Marx v. Truck Renting & Leasing Ass'n, 520 So.2d 1333, 1340 (Miss.1987). The complaint states that the county is a government body, that Southland was a construction contractor hired to do work on a public project, that the project was complete on or before December 30, 1999, and that it was seeking prejudgment interest. We find these facts were sufficient to plead a case under Section 31-5-25.
¶ 28. The evidence supported these allegations. The evidence showed that the project was completed December 16, 1999, and that Newton County did not pay within sixty days of this date. Nothing in the payment clause of the contract changes the basis for payment set out in Section 31-5-25. Therefore, we hold it was an abuse of discretion for the lower court not to award Southland prejudgment interest under Section 31-5-25 on the unpaid balance of Southland's contract. This interest began to accrue monthly from December 16, 1999.
B. Attorney fees
¶ 29. Southland asks for attorney fees pursuant to Mississippi Code Annotated Section 31-7-309 (Rev. 2005). This statute grants an award of attorney fees to a vendor who prevails in a "formal administrative or judicial action to collect interest due under Sections 31-7-301 through *945 317. . . ." Because Southland does not qualify for prejudgment interest under Section 31-7-305, it is not entitled to attorney fees under Section 31-7-309. Section 31-5-25 does not provide for a statutory award of attorney fees. Accordingly, we affirm the court's denial of attorney fees.

CONCLUSION
¶ 30. We reverse and render the lower court's denial of prejudgment interest. As to all other issues, we affirm.
¶ 31. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT IS AFFIRMED IN PART ON AND REVERSED AND REMANDED IN PART ON DIRECT APPEAL AND AFFIRMED ON CROSS-APPEAL. STATUTORY INTEREST IS AWARDED CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED IN EQUAL PARTS TO THE APPELLANT AND THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.