986 So.2d 974 (2007)
GULF CITY SEAFOODS, INC., Appellant
v.
ORIENTAL FOODS, INC., Appellee.
No. 2006-CA-00987-COA.
Court of Appeals of Mississippi.
November 20, 2007.
Rehearing Denied April 22, 2008.
*976 John G. Clark, Attorney for Appellant.
J. Paul Clinton, Attorney for Appellee.
Before KING, C.J., CHANDLER and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. Gulf City Seafoods, Inc. appeals from a judgment in favor of Oriental Foods, Inc., in the amount of $102,385, including prejudgment interest and attorney's fees. On appeal, Gulf City raises the following issues: (1) whether the trial court erred in awarding attorney's fees; (2) whether the trial court's award of attorney's fees was excessive and unreasonable; and (3) whether the trial court erred in awarding pre-judgment interest. Finding no error, we affirm.

FACTS
¶ 2. On October 23, 2004, Oriental Foods filed a complaint against Gulf City Seafoods, alleging Gulf City owed $71,043.40, in principal, on an open account. On February 10, 2005, Oriental filed a motion for summary judgment. Gulf City responded to the motion by arguing that Oriental's requested judgment amount did not accurately reflect the amount Gulf City owed to Oriental. While Oriental alleges that Gulf City Seafood owed $71,043.35 in principal, Gulf Seafood argued that the amount should have been $71,008.05  a difference of $35.40.
¶ 3. The trial court denied the motion for summary judgment based on the parties' competing affidavits regarding the balanced owed. On July 26, 2005, Oriental filed an amended motion for summary judgment. This time, Oriental adopted Gulf Seafoods' affidavit of the balance owed, giving Gulf Seafoods a credit of $35.40.
¶ 4. The court granted the amended motion for summary judgment. The court awarded Oriental Foods a judgment of $102,385.20. This figure included $71,008.05 (principal), $7,731.47 (pre-judgment interest calculated according to the actuarial method), and $23,645.68 (attorney's fees of one-third of the judgment). On February 8, 2006, the final judgment for these sums was entered.
¶ 5. On February 17, 2006, Gulf City filed post-judgment motions under Rules 52 and 59 of the Mississippi Rules of Civil *977 Procedure. Gulf City asserted that the court did not address the issue of Oriental's failure to correctly state the amount owed in the demand letter, as required by the open account statute. Gulf City argued that Oriental was not entitled to attorney's fees because of this failure to correctly state the amount owed in the demand letter.
¶ 6. The court denied Gulf City's post-judgment motions, finding the motions were not well taken.

STANDARD OF REVIEW
¶ 7. This Court reviews a trial court's award of attorney's fees and pre-judgment interest under an abuse of discretion standard. In re Gillies v. Gillies, 830 So.2d 640, 644(¶ 15) (Miss.2002); Theobald v. Nosser, 784 So.2d 142, 145(¶ 7) (Miss.2001).

ANALYSIS

I. Whether the trial court erred in awarding attorney's fees.
¶ 8. Parties prevailing in a suit on an open account are entitled to attorney's fees pursuant to Section 11-53-81 of the Mississippi Code Annotated (Rev.2002), which reads, in pertinent part, as follows:
When any person fails to pay an open account within thirty (30) days after receipt of written demand thereof correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff [. . . .] If that person sued on the open account shall prevail in the suit, he shall be entitled to reasonable attorney's fees to be set by the judge.
¶ 9. Since the award of attorney's fees is a derogation of common law, courts must strictly construe the attorney's fees on the open accounts statute. Magnolia Farm Servs., Inc. v. Tunica Oil Co., 438 So.2d 285, 288 (Miss.1983). Gulf City argues that the trial court erred in awarding attorney's fees to Oriental Foods because Oriental failed to strictly comply with the statute's requirements. Gulf City does not dispute that it failed to pay Oriental on an open account within thirty days after receiving the demand letter and an itemized statement of the account. Instead, Gulf City asserts that Oriental's demand letter did not correctly state the amount Gulf City owed on the open account.
¶ 10. Oriental requested $73,043.45, in principal, in its demand letter but later, Oriental's complaint stated that the principal was $71,043.43  a difference of $2,000.02. Oriental attributed this difference to payments received by Gulf City from Oriental in the interim between the date the demand letter was prepared and the date the complaint was filed.
¶ 11. Gulf City responded to the motion for summary judgment, alleging Oriental did not properly credit its August 3, 2004 payment and that the correct principal due was $71,008.05  a difference of $35.38. Oriental filed an amended motion for summary judgment, adopting Gulf City's affidavit that the disputed principal was $71,008.05.
¶ 12. Gulf City argues that Oriental's adoption of Gulf City's affidavit is an admission that the principal requested in the demand letter differed from the principal requested in the complaint by $2,035.40. Gulf City argues that because the demand letter did not correctly state the amount owed, as required by the open accounts statute, it precluded the court from awarding attorney's fees.
¶ 13. Gulf City cites many cases that support the general principal that the open *978 accounts statute must be strictly construed: Rainbow Rental & Fishing Tools, Inc. v. Delta Underground Storage, Inc., 542 So.2d 258, 263 (Miss.1989) (a creditor may not recover attorney's fees under the statute if it has failed to prevail on any disputed matter); Hughes Equipment Co. v. Fife, 482 So.2d 1144, 1147 (Miss.1986) (judgment must be rendered in favor of defendant and against the plaintiff to constitute a defendant as a prevailing party); and Putt v. Ray Sewell Co., Inc., 481 So.2d 785, 787 (Miss.1985) (notice and demand in the form of complaint or lawsuit will not suffice for statute's requirement that written notice be sent to the debtor thirty days prior to filing suit).
¶ 14. Gulf City also argues that this Court should consider Louisiana law on the matter. Mississippi courts have acknowledged that Louisiana law is persuasive on collection of attorney's fees in open accounts since Louisiana's open account statute, found in Louisiana Revised Statute Annotated Section 9:2781 (West 2005), served as the model for the original Mississippi House Bill. Magnolia Farms Svcs., 438 So.2d at 287. The Louisiana statute reads, in pertinent part, as follows:
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant [. . . .]
La.Rev.Stat. Ann. § 9:2781 (West 2005).
¶ 15. Gulf City urges the Court to adopt Louisiana's strict compliance with the demand letter requirement, as evidenced in Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1016 (La.1984). In that case, the appeals court reversed the award of attorney's fees because it found the demand letter did not correctly set forth the amount owed. Id. The demand letter requested $18,391 in principal and $2,970.11 in interest, for a total of $21,361.11. Id. The court of appeals later found the creditor was not entitled to the requested $2,970.11 in accrued interest. Id. The supreme court found that since the demand letter requested $21,361.11, and that was not the correct amount owed, the creditor was precluded from obtaining attorney's fees. Id.
¶ 16. These Mississippi and Louisiana cases do not contradict the circuit court's finding that Oriental's demand letter complied with the Mississippi open accounts statute. The open accounts statute does not require that the demand letter and the complaint list the same amount  just a correct amount. If the Court were to adopt Gulf City's argument that the demand letter be identical to the complaint amount, this would leave no provision for the debtor to make subsequent payments to the creditor after the demand letter is sent. Likewise, the debtor could avoid having to pay attorney's fees under the statute by strategically paying the creditor in the interim period between the time the demand letter is mailed and the time the complaint is filed.
¶ 17. We do not find that this is what the statute intended. The trial court found that the evidence clearly showed that an open account existed, the required demand letter and supporting documentation were sent and Gulf City failed to pay the account. We do not find error in the trial court's decision and thus, this issue is without merit.

II. Whether the trial court's award of attorney's fees was excessive and unreasonable.
¶ 18. Mississippi's law governing the reasonableness of attorney's fees is provided by the following:

*979 In any action in which a court is authorized to award reasonable attorney fees, the court shall not require the party seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court's own opinion based on experience and observation; provided however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.
Miss.Code Ann. § 9-1-41 (Rev.2002).
¶ 19. In collection suits, there is a rebuttable presumption that one-third of the judgment obtained is reasonable, where the fee is calculated to be no more than $5,000. Dynasteel Corp. v. Aztec Indus., Inc., 611 So.2d 977, 986 (Miss.1992). This presumption may be impacted by the common factors used to determine the reasonableness of attorney's fees. Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 54 (Miss.1998). These factors include:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
Dynasteel, 611 So.2d at 986-87.
¶ 20. The trial court awarded $23,645.68 in attorney's fees, which was one-third of the judgment amount. Gulf City argues that the award of attorney's fees is excessive and unreasonable because the award should reflect the actual amount of time the attorney spent on the case. Gulf City claims Oriental failed to present such evidence. In this case, we find the circuit court had substantial evidence before it in order to find the attorney's fee award was reasonable.
¶ 21. The court reviewed Attorney Kent McPhail's affidavit for attorney's fees and considered the reasonableness of these fees in accordance with the above, enumerated factors. McPhail stated that there would be an extensive amount of time and labor involved in the collection of the judgment since Gulf City's parent company was then in bankruptcy in the Southern District of Alabama. McPhail also noted the likelihood that prosecution of the case would preclude employment with additional clients, due to the time involved in collecting the judgment from Gulf City in multiple states, in multiple courts, and against a company that had ceased to do business and whose parent company was in bankruptcy.
¶ 22. The court also viewed, in open court, McPhail's attorney fee agreement with Oriental.[1] After reviewing these documents, coupled with the case law, the *980 court found, "There is a presumption that one-third of the amount of the debt is a reasonable amount to recover for attorney's fees; nothing has been presented here that would indicate otherwise."
¶ 23. The record before this Court contains substantial evidence which supports the award of attorney's fees in the amount of $23,645.68. The trial court's award of attorney's fees, as one-third the judgment amount, was not unreasonable or excessive and, thus, this issue is without merit.

III. Whether the trial court erred in awarding pre-judgment interest to the plaintiff.
¶ 24. It is within the trial court's discretion to award pre-judgment interest. Estate of Baxter v. Shaw Assocs., 797 So.2d 396, 403(¶ 30) (Miss.Ct. App.2001). If prejudgment interest is awarded, there must be a request for such interests in the pleadings and the claim must have been liquidated when it was originally made. Southland Enters., Inc. v. Newton County, 940 So.2d 937, 943(¶ 24) (Miss.Ct.App.2006). Pre-judgment interest may be allowed in cases where the denial of the claim is frivolous or in bad faith, but no award is allowed where the principal amount has not been fixed before the judgment. Warwick v. Matheney, 603 So.2d 330, 342 (Miss.1992).
¶ 25. The trial court awarded $7,731.47 in pre-judgment interest, calculated from the date Oriental filed the complaint at 8% per annum according to the actuarial method. The court found Oriental was entitled to pre-judgment interest because the amount of the debt was a liquidated amount. The court relied on Mississippi Code Annotated Section 75-17-1(1) (Supp. 2007) in determining the 8% interest rate attached to the judgment. This sub-section provides that "[t]he legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method [. . . .]". Miss.Code Ann. § 75-17-1(1) (Supp.2007).
¶ 26. Gulf City argues that Oriental was not entitled to pre-judgment interest because the amount of the debt was disputed. The trial court found that the open account debt was a liquidated amount. After Oriental adopted Gulf City's affidavit in the amended motion for summary judgment, both parties agreed that $71,008.05 reflected the amount owed. The trial court had the discretion to award pre-judgment interest in this case. Dynasteel, 611 So.2d at 988.
¶ 27. Gulf City also argues that Oriental was not entitled to pre-judgment interest because Oriental failed to make a specific request for the interest in its pleadings. In its complaint, Oriental made the following statement, "Plaintiff would further show . . . that . . . there is interest due on said account of $5,680.20."
¶ 28. The law requires the claimant to make a specific request for pre-judgment interest in the pleadings, and a general request for relief will not suffice. West Center Apartments, Ltd. v. Keyes, 371 So.2d 854, 858 (Miss. 1979). We find that while Oriental did not use the key words, "pre-judgment interest," its request for $5,680.20 in interest met the substance of a pre-judgment interest request. The only interest Oriental could have referenced in its specific request for $5,680.20 would have been pre-judgment.
¶ 29. Rule 8 of the Mississippi Rules of Civil Procedure requires the claimant to put the opposing party on sufficient notice of the claims and grounds upon which relief is sought. Estate of Stevens v. Wetzel, 762 So.2d 293, 295(¶ 11) (Miss.2000). We find that Oriental's specific request of $5,680.20 was sufficient to *981 place Gulf City on notice that pre-judgment interest was requested in the complaint. Finding the trial court did not abuse its discretion in awarding pre-judgment interest, we affirm.
¶ 30. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.
NOTES
[1] This agreement was not made part of the record, but the transcript does reflect that the court reviewed this document.