# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01071-COA

**COVINGTON COUNTY BANK**                                          **APPELLANT**

**v.**

**SCOTT TRACTOR & EQUIPMENT CO. AND**                        **APPELLEES**
**STACY JONES SCOTT**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/19/2024 |
| TRIAL JUDGE: | HON. MATTHEW GORDON SULLIVAN |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICHARD D. UNDERWOOD |
| ATTORNEY FOR APPELLEES: | L. WESLEY BROADHEAD |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 01/13/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Scott Tractor & Equipment Company executed two promissory notes with Covington County Bank and subsequently fell behind on the repayment of the loans. The Bank sued to recover. On the same day that the circuit clerk entered a default judgment in favor of the Bank, Scott Tractor directly paid the Bank the balance and accrued interest owed. The circuit court subsequently denied the Bank's request for attorney's fees, given that the debt had been paid prior to the entry of a final judgment. The Bank now appeals the denial of attorney's fees. Finding that the Bank was contractually entitled to an award of reasonable attorney's fees for its efforts seeking collection of the judgment, we reverse the ruling of the circuit court and render a judgment of $1,000 in favor of the Bank.

**FACTS AND PROCEEDINGS BELOW**

¶2.  Covington County Bank loaned Scott Tractor approximately $24,000 secured by business equipment. The promissory notes and security agreements contained the following provision related to attorney's fees:

> On, or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Loan Agreement or any other Loan Document. Expenses include, but are not limited to, attorney's fees, court costs and other legal expenses.

Scott Tractor fell behind on the payment of the notes, and the Bank filed a complaint against Scott Tractor and Stacey Jones Scott. Then, when the debtors failed to respond to the complaint, the Bank filed a motion for an entry of default. On the same day, the debtors paid the debt with accrued interest in the amount of $24,953.20 directly to the Bank. However, they did not pay attorney's fees or costs.[1]

¶3.  The Bank re-noticed a hearing it had scheduled on the default to request attorney's fees.[2] At the hearing, the Bank's attorney stated that "a third is an appropriate amount in collection cases, but I reduced it to 25 percent . . . [to] $6,171.12."  The judge stated: "[I]t looks like, to me, all of this was done fairly quickly, and it was – the full amount was paid by the Scotts. It's usually my practice on attorney's fees that I don't grant attorney's fees

---

[1] The clerk subsequently entered a default on April 12, 2021.

[2] The hearing was noticed in 2024. The Bank represents in its brief that the delay in setting the hearing was because the Scotts "had agreed to pay a compromised and reduced amount for attorney's fees and costs on their debt, but never did after numerous promises." While the dissent cites the delay in setting the hearing as a part of the justification for wholly denying fees, the Bank's representation places the delay in context. Scott Tractor failed to file an Appellee's brief.

2

unless it's very severe, so I'm going to deny your motion for attorney's fees." The circuit court's subsequent order denying attorney's fees stated in relevant part:

> Defendants did not pay any attorney's fees. The Court finds that the promissory note upon which the debt was based does contain a clause providing for reasonable attorney's fees and costs in the event of collection action. However, this Court does not award attorney's fees to creditors when the debt is paid prior to the actual entry of a judgment. Therefore, the Court declines to assess attorney's fees under the circumstances. This is a final and appealable judgment.

The Bank now appeals.

## STANDARD OF REVIEW

¶4. "The standard of review of the circuit court's decision to grant costs and attorney fees is abuse of discretion." *Turner v. Terry*, 799 So. 2d 25, 38 (¶45) (Miss. 2001). However, "[w]hen the imposition of attorney's fees raises a question of law, the standard of review is de novo." *In re Contest of Nov. 5, 2019 Gen. Elec. for Chancery Clerk of Quitman*, 329 So. 3d 434, 436 (¶5) (Miss. 2021) (quoting *Guardianship of O.D. v. Dillard*, 177 So. 3d 175, 180 (¶15) (Miss. 2015)).

## DISCUSSION

¶5. On appeal, the Bank asks this Court to order attorney's fees to be paid in the amount of one-third of the amount due on the promissory note, potentially capped at $5,000, or for us to remand to the circuit court for a determination of appropriate fees. The Bank cites numerous cases in which our appellate courts have affirmed an award of attorney's fees in the amount of one-third of the judgment or an amount calculated per the terms of the contract; however, the cases cited are appeals from a final judgment in favor of the creditor.

3

*See Borries v. Murphy*, 324 So. 3d 261, 267, 269 (¶¶23, 32) (Miss. 2021) (discussing attorney's fees awarded per contractual terms after entry of summary judgment in favor of creditor); *Gulf City Seafoods v. Oriental Foods Inc.*, 986 So. 2d 974, 979 (¶19) (Miss. Ct. App. 2007) (affirming award of one-third attorney's fees after entry of judgment in open-account suit); *W-T Holdings LLC v. Gilchrist*, 299 So. 3d 808, 816 (¶29) (Miss. Ct. App. 2019) (addressing calculation of attorney's fees after jury verdict awarding damages); *Shackelford v. Cent. Bank of Miss.*, 354 So. 2d 253, 256 (Miss. 1978) (affirming jury award of attorney's fees awarded in conjunction with a monetary judgment); *Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977, 986 (Miss. 1992) (affirming attorney's fees granted when debt principal, but not accrued interest, had been paid in full at time of final judgment).

¶6.     Here, we have a circumstance in which the debt, including interest, was paid prior to the entry of a final judgment. Absent a statutory or contractual right to attorney's fees, the circuit court very well may be within its discretion to deny a motion for attorney's fees.[3] But here, the promissory note contained a contractual provision requiring Scott Tractor to pay "expenses of collection, enforcement or protection of [the Bank's] rights and remedies."

¶7.     After due consideration, we find that the Bank was contractually entitled to some reasonable award of attorney's fees for its efforts in pursuing collection, which included

---

[3] For example, in the parallel context of Mississippi's open accounts statute, the denial of attorney's fees is proper when the debt with interest is paid prior to an entry of judgment. Miss. Code Ann. § 11-53-81 (Rev. 2019) (stating debtor on open account "shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff"); *see also Magnolia Farm Servs. Inc. v. Tunica Oil Co.*, 438 So. 2d 285 (Miss. 1983); *Peoples Bank & Tr. Co. v. Garner*, 218 Miss. 72, 65 So. 2d 273 (1953).

filing the action and both noticing and appearing at the fee hearing. "Members of this Court may exercise their own independent judgment on appeal, based upon knowledge and experience, as to what amount constitutes a reasonable attorneys' fee." *Shackelford*, 354 So. 2d at 256. The *Shackelford* court also reasoned that there is no merit in the contention that when an attorney is employed, institutes suit, and actually tries the case to verdict and judgment, no attorney's fees were incurred. *Id.* at 255. This logic applies in this case in which the attorney instituted the action, and even though there was no trial, expenses were incurred for travel to attend the hearing in this matter. Further, this Court has the authority to reverse and render attorney's fees, so long as we have sufficient evidence to make that determination. *See McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).

¶8.     Here, the requested amount of one third of the judgment or a cap of $5,000 is excessive in light of the uncomplicated and expeditious resolution of the matter prior to the entry of a final judgment.[4] In the interest of judicial economy and to prevent the further accrual of litigation expenses by the process of remand, we reverse the circuit court's order and render an award of $1,000 to Covington Bank, plus the cost of the filing fee paid by the Bank in the circuit court proceedings. *See United Servs. Auto. Ass'n v. Est. of Minor*, 418 So. 3d 1173, 1191 (¶60) (Miss. 2024) (finding credible evidence in the appellate record to

---

[4] The dissent is correct that the "rebuttable presumption" of reasonableness is inapplicable to the Bank's request for one-third of the amount of the debt. *See* Dis. Op. ¶16; *Gulf City Seafoods*, 986 So. 2d at 979 (¶19). The Bank seems to implicitly acknowledge this by including the alternate request for a cap of $5,000 in its request for relief. As discussed above and as indicated by our even more modest award of $1,000, *Gulf City Seafoods* and similar cases have limited applicability here, given that those cases were appeals from a final judgment.

support reversing and rendering an award of attorney's fees).

¶9.     **REVERSED AND RENDERED.**

        **BARNES, C.J., CARLTON, P.J., McDONALD, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. EMFINGER, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WILSON, P.J., AND LAWRENCE, J.**

        **EMFINGER, J., DISSENTING:**

¶10.    The underlying debt in this case was paid on the same day that Covington County Bank (Bank) filed its motion for the "Clerk's Entry of Default" and over four months before the "Clerk's Entry of Default" was actually entered. The Bank then waited over three and a half years before seeking an award of attorney's fees. Neither in the pleadings nor at the hearing did the Bank put on any proof as to the reasonableness of the amount of the attorney's fees sought. Because under the facts of this case I would find that the trial court did not abuse its discretion by its denial of attorney's fees, I respectfully dissent.

¶11.    The Bank filed its first amended complaint on June 22, 2020. Proof of service of the complaint and summons on the Defendants was filed on August 17, 2020, showing that the Defendants had been served on July 13, 2020. The Bank filed a "Motion and Application to Clerk for Entry of Default and Supporting Affidavit as to Defendants"[5] on November 19,

---

[5] While this motion seemingly requested a clerk's entry of default pursuant to Mississippi Rule of Civil Procedure 55(a), it did not request a default judgment pursuant to Rule 55(b). The supreme court explained the difference between the two in *Tucker v. Williams*, 198 So. 3d 299, 307 (¶14) (Miss. 2016):

> A clerk's entry of default is an "interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b)." 10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2692 (3d ed.1998).

2020, along with a document titled "Proof in Support of Damages." The "Clerk's Entry of Default" was entered of record on April 12, 2021. On April 21, 2021, the Defendants filed an email with a receipt showing that the Defendants had paid the Bank $24,953.20 on November 19, 2020, the same day the Bank filed its motion for the Clerk's entry of default. Nothing further happened in this case for almost three years. On April 2, 2024, the Bank filed a "Notice of Hearing" on its motion for a default judgment.

¶12. This issue was ultimately heard on July 16, 2024.[6] During the short hearing, the Bank's counsel admitted that it was an old case and then later stated, "It's just so old I've got to do something with it." Counsel further stated, incorrectly, that after the Clerk's entry of default,[7] the Defendants immediately paid the amount owed and that all that remained was the issue of attorney fees. The Bank's counsel then argued:

> I cited in my affidavit – or in my complaint that a third is an appropriate amount in collection cases, but I reduced it to 25 percent.

I find nothing in the first amended complaint or in any affidavit where counsel represents that a third of the amount collected is a reasonable attorney's fee. In the "Proof in Support of Damages," counsel asked for attorney's fees in the amount of 25% of the amount due. However, other than counsel's statement during the hearing, I find no hourly billing

---

[6] The Defendant Stacy Jones Scott was apparently present, but his counsel was not. The Bank's counsel informed the court that counsel opposite had advised him that he could not attend the hearing; however, counsel opposite suggested that the Bank could go forward with the hearing and that Stacy would be present.

[7] It appears from the record that counsel's statement is incorrect. The receipt shows that the debt was paid on the same date the Bank's motion was filed, November 19, 2020, months before the Clerk's Entry of Default in April 2021.

7

statements or representation that either a third or 25% of the amount due is a reasonable fee.

¶13.    In any event, after hearing the Bank's argument, the trial court ruled as follows:

> I know it's old, but it looks like, to me, all of this was done fairly quickly, and it was – the full amount paid by the Scotts. It's usually my practice on attorney's fees that I don't grant attorney's fees unless it's very severe, so I'm going to deny your motion for attorney's fees.

The written order, submitted by the Bank's counsel, was entered on August 19, 2024. In the order, the trial court acknowledged that the contract provided for the award of attorney's fees in the event collection efforts became necessary but then stated that "this [c]ourt does not award attorney's fees to creditors when the debt is paid prior to the actual entry of a judgment. Therefore, the [c]ourt declines to assess attorney's fees under the circumstances."

¶14.    In *Industrial and Mechanical Contractors of Memphis Inc. v. Tim Mote Plumbing LLC*, 962 So. 2d 632, 638 (¶19) (Miss. Ct. App. 2007), this Court explained:

> We agree with IMC's contention that enforcing a contract "without enforcing the clause addressing attorney fees would be contrary to the law." *Theobald v. Nosser*, 752 So. 2d 1036, 1042 (¶24) (Miss. 1999). **This Court has held, however, that although "a case [may be] appropriate for the award of attorney's fees, the actual award of attorne's fees is still dependent upon specific proof."** *Romney v. Barbetta*, 881 So. 2d 958, 962 (¶20) (Miss. Ct. App. 2004).

(Emphasis added). The trial court had considered the proof presented for the award of attorney's fees and found the proof to be insufficient. *Id*. at 637 (¶15). This Court affirmed the trial court's denial of attorney's fees on appeal.

¶15.    This is also the problem in the case at bar; there was no proof of the reasonableness

8

of the fee requested. On appeal,[8] the Bank points to *Shackelford* as support for its argument

that one-third of the amount collected is a reasonable fee for collection on a note. There was

testimony in *Shackelford* in support of the fee amount; however, that testimony showed that

the one-third amount was appropriate in a "contested case." *Shackelford v. Central Bank of*

*Miss.*, 354 So. 2d 253, 256 (Miss. 1978). The instant case was not a contested matter.

¶16.    The majority also cites *Gulf City Seafoods Inc. v. Oriental Foods Inc.*, 986 So. 2d 974

(Miss. Ct. App. 2007), as support for the reasonableness of the award of one-third of the

amount collected for attorney's fees; however, in that case, there was affidavit testimony in

support of the claim, and other factors were considered. *Id*. at 979 (¶21). More importantly

for this case, the court in *Gulf City Seafoods* held:

---

[8] The Appellee did not file a brief in this appeal. In *Guinn v. Claiborne*, 352 So. 3d 646, 649-50 (¶11) (Miss. Ct. App. 2022), we stated:

> When such a circumstance arises, this Court has two options:
>
> > First, we may take the appellee's failure to file a brief as a confession of error and reverse. This option is favored when the record is complicated or of large volume and the case has been thoroughly briefed by the appellant with apt and applicable citation of authority so that the brief makes out an apparent case of error. However, if the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we may disregard the appellee's error and affirm.
>
> *Hatton v. Hatton*, 323 So. 3d 1149, 1153 (¶7) (Miss. Ct. App. 2021) (quoting *Jay Foster PLLC v. McNair*, 175 So. 3d 565, 571 (¶15) (Miss. Ct. App. 2015)). Upon review, we find the record in the present case is easy to examine and reveals a sound basis upon which we may safely affirm the chancellor's judgment.

I find the same is true in the present case.

> In collection suits, there is a rebuttable presumption that one-third of the judgment obtained is reasonable, where the fee is calculated to be no more than $5,000. *Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977, 986 (Miss. 1992).

*Id.* at (¶19). In the present case, the Bank sought attorney's fees in the amount of 25% of the amount collected, or $6,171.12, clearly over the Bank's alternatively proposed $5,000, thus the rebuttable presumption does not apply here.

¶17. Finally, there was no effort by the Bank before the trial court to argue or present proof on the factors set forth in Mississippi Rule of Professional Conduct 1.5(a):

> (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
>
> > (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> >
> > (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> >
> > (3) the fee customarily charged in the locality for similar legal services;
> >
> > (4) the amount involved and the results obtained;
> >
> > (5) the time limitations imposed by the client or by the circumstances;
> >
> > (6) the nature and length of the professional relationship with the client;
> >
> > (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> >
> > (8) whether the fee is fixed or contingent.

¶18.    Because the Defendants paid the debt in full well before the Clerk's entry of default was filed, the Bank waited three and a half years after the debt was paid before making an attempt to collect attorney's fees, and "specific proof" was not presented to support the award of attorney's fees, I would affirm the trial court's denial of fees in this case.

**WILSON, P.J., AND LAWRENCE, J., JOIN THIS OPINION.**